John Chambers, administrator of Susan W. Ferguson,

. *v.*

George Kunzman.

[Filed February 8th, 1900.]

1. The administrator of a pledgor is entitled to redeem the pledge upon payment or tender of the amount of the loan at any time after the loan has become payable.

2. The pledgee, having been subjected to some expenses in realizing and applying the property pledged, and having all the securities in his hands, and accurate knowledge of the actual condition of the loan and having rendered no account, cannot prevent the payment of the loan, in order to keep his money profitably invested, by refusing to disclose the exact sum due and denying that the tender made was the proper sum.

3. An accounting will be decreed under a general prayer for relief, where it is not inconsistent with the special prayers, and accords with the general frame of the bill.

On bill, answer and proofs.

The complainant is administrator of the estate of Susan Ferguson. In her lifetime, on May 16th, 1893, George Kunzman, the defendant, advanced to Miss Ferguson, on her four separate bonds and mortgages, covering four separate lots of land in Atlantic county, four separate sums of money to the amount of $1,500 each. The bonds and mortgages were all dated April 12th, 1893, and were all payable at the expiration of three years, with interest. In order further to indemnify Kunzman against loss, Miss Ferguson assigned him an additional bond and mortgage, made by one Hannah Kerr, securing the payment of $1,600, with interest. This latter bond was dated the 1st day of February, 1893, and payable in three years from the date thereof. It was agreed that this last-named bond and mortgage was a collateral security, and that it should be assigned back to Miss Ferguson upon payment of the debt, interest and costs of the four loans of $1,500 each. The transaction is

28

shown by the written agreement between the parties, a copy of which is set forth in the complainant's bill of complaint.

On November 2d, 1895, Miss Ferguson died intestate, and on the following 25th day of November the complainant was appointed administrator by the surrogate of Atlantic county. The principal money due on the collateral mortgage became due, and the mortgagor, Hannah Kerr, about May 5th, 1897, paid the amount then due upon it, amounting to the sum of $1,421, either to the defendant, Kunzman, or to his order, and he surrendered the mortgage to Hannah Kerr, and it was canceled of record.

In her lifetime, Miss Ferguson conveyed one of the lots of land which she had mortgaged to Kunzman, to one Julia Herbert, subject to the mortgage of $1,500 held by Kunzman. The total amount of the personalty of Miss Ferguson, omitting her interest in the collateral mortgage, was insufficient to pay her debts.

In October, 1896, after Miss Ferguson's death, Kunzman foreclosed the three separate mortgages held by him on these lots of land, the title of which had remained in Susan Ferguson at her death, and caused the same to be sold, and realized enough therefrom to pay nearly all of the three several mortgage debts, interest and costs. In the meanwhile, large claims had been filed against the estate of Miss Ferguson, in the hands of the complainant as administrator, amounting in all to about $2,600, and there was no property of her estate with which to settle these claims, except her interest in the collateral mortgage pledged to Kunzman. The fourth bond and mortgage on the premises owned by Julia Herbert has not yet been paid, and is yet held by Mr. Kunsman, although it is due. The complainant alleges that creditors of Miss Ferguson's estate and the administrator have endeavored to induce Mr. Kunzman, the defendant, to accept from them payment of the full amount due on the Herbert mortgage, and to assign it to that creditor of Miss Ferguson's estate who would advance the money, or to the complainant as Miss Ferguson's administrator, and to deduct from the moneys collected on the collateral Kerr mortgage any balance that may be due to Kunzman, in order to release the

residue of the moneys collected by Mr. Kunzman on the Kerr mortgage, which he held as collateral security for the payment of the mortgage on the Herbert property. They seek this in order that the residue money may go to the estate of Miss Ferguson, so that the administrator may use them in payment of her debts. The complainant alleges that Mr. Kunzman declined to comply with either of these offers. The complainant prays that the defendant may be decreed to perform the agreement under which the four mortgages and the collateral mortgage were assigned to him, on being paid the money due to him; that he may deliver to the complainant the proceeds of the collateral mortgage and account for interest accruing thereon, and for general relief.

Mr. Kunzman, in his answer, admits the agreement under which he advanced the money to Miss Ferguson, and also the foreclosure of the three mortgages. He claims that the proceeds of sale under these mortgages did not produce the amounts due on them by some $285.26. He denies that any tender was made him with request for an assignment of the mortgage he holds on the Herbert property and his collateral mortgage accompanying the same. He alleges that by an agreement between himself and the complainant the $1,421 collected on the Herbert mortgage were paid to one John H. Ringe, Jr., to hold "in escrow to satisfy any deficiency that might arise upon the mortgage held by him made by said Susan W. Ferguson." He admits that Ringe has paid to him the deficiency of $285.26, and he alleges that Ringe has the balance.

*Mr. William M. Clevenger*, for the complainant.

*Mr. John F. Harned*, for the defendant.

GREY, V. C.

At the hearing of this cause the defendant did not appear. It had previously been postponed at his instance. The vice-chancellor was satisfied that the defendant's absence was voluntary, and for the purpose of delaying the trial of the cause for his own benefit, and the hearing having been properly noticed, the cause

was for this reason heard, notwithstanding the defendant's absence. His counsel has filed a brief contesting the complainant's right to relief, insisting, among other things, that in view of the fact that both the complainant and defendant reside out of the state, and that the collateral fund is also held out of the state, there is nothing to give jurisdiction to this court, and that it would be powerless to enforce its decree for specific performance.

No question as to the jurisdiction of this court is suggested in the pleadings, nor was it heard of until argument at final hearing. If it appeared even at final hearing, without plea, that this court had no judicial power to consider the subject-matter of the cause, it would not further entertain the suit, for a decree in such case would be futile. No such objection is made by the defendant, nor can there be any question that this court has jurisdiction to entertain a suit for the specific performance of an agreement. Nor is there any difficulty in this cause touching jurisdiction over the party defendant. He has appeared and answered fully upon the merits of the case. The defendant's argument is, that because the complainant and defendant are non-residents, and the collateral fund is out of the state, it may be found to be inconvenient to enforce the court's decree. The Herbert mortgage which it is desired to have assigned is, however, a lien on lands in this state. It is not to be presumed that the parties who have submitted themselves to the jurisdiction of the court will disobey its decree. If such a contingency happens, a remedy will probably then be found. The possibility that it may occur is no reason to deny a decree for the relief sought.

The defendant further contends that no proper tender has been made to him. That the complainant, in order to arrive at the proper sum, must show that on the realizations by the defendant's foreclosure there was no deficiency, or that it was less than the amount of the Kerr mortgage. He contends that the proofs of the foreclosures, the sheriff's statements, &c., do not show affirmatively that the $1,550 tendered was precisely the sum remaining due, and that therefore the tender failed.

The defendant, as his agreement recites, advanced to Miss Ferguson in her lifetime, on her four separate bonds and mort-

gages, four separate sums of $1,500 each. He also received an assignment of the additional Kerr mortgage (which he has collected) on which $1,400 of principal was unpaid with interest, &c., agreeing to assign it back on payment of the four loans. He foreclosed three of these mortgages, and they did not produce the full sum of debt, interest and costs. The knowledge of the precise sum of the deficiency lies peculiarly within the defendant's breast. It was his duty as pledgee to have stated an account of his receipts and disbursements in the disposal of the pledge, and the application of the collateral to the satisfaction of the deficiency. Had he stated such an account the defendant would have been informed as to the exact balance and could then have tendered the precise sum due. But the defendant, though not disclosing the facts to the pledgor's representative, yet objects to the insufficiency of the tender, because not the proper amount. The agreement whereby the defendant received the mortgages on which he advanced the loans to Miss Ferguson, specified no time for the repayment by Miss Ferguson to the defendant of the money loaned. The pledgor or her lawful representative might repay and receive back the securities pledged at any time.

The evidence satisfies me that the complainant, as the representative of Miss Ferguson, the pledgor, indicated to the defendant his ability and desire to redeem the pledge by paying to the defendant the entire sum due to him in the transaction, so that the surplus of funds from the collateral mortgage, owned by Miss Ferguson's estate, might be returned to her administrator and applied to the settlement of her debts. The defendant perfectly understood this, and endeavored to prevent the tender and to delay the return of the surplus to Miss Ferguson's estate, because, as he stated, "Six per cent. mortgages well secured are not easy to get."

Taking the admissions of the answer and the evidence submitted on the question, I am satisfied that there was a sufficient demand upon and tender to the defendant to entitle the complainant, as the representative of Miss Ferguson, to have her bond and mortgage upon the Herbert property returned to him,

and thus to release that part of the collateral Kerr mortgage moneys which the defendant had collected which were not necessary to pay the deficiencies on previous sales.

The defendant contends that Julia Herbert, the holder of the lands whereon the uncollected mortgage is a lien, alone has the right to pay it off, &c. The defendant's agreement recites that he "advanced the money loaned to Miss Ferguson on the four mortgages" and indicates a pledge rather than a sale. Miss Ferguson's administrator had the right to redeem that pledge. The Herbert mortgage is security for the payment of Miss Ferguson's bond, which has come to be due. She conveyed the land (subject to the mortgage) to Julia Herbert. After that conveyance Miss Ferguson, the grantor, stood in the attitude of a surety in respect to the payment of that mortgage debt. *Klapworth* v. *Dressler, 2 Beas. 62; Youngs* v. *Trustees, 4 Stew. Eq. 290; Hoy* v. *Bramhall, 4 C. E. Gr. 563.* Irrespective of the express written agreement of the defendant, Miss Ferguson, in her lifetime and her administrator since her death, standing in their rights as sureties for the payment of the mortgage debt, have been entitled to a re-assignment of the securities in order to compel the Herbert mortgage to satisfy the bond. The defendant, on making the four separate loans on the four bonds and mortgages (of which the mortgage on the Herbert lot was one), took, also, the collateral Kerr mortgage upon his express agreement, "the same to be assigned to said Susan W. Ferguson upon the payment of the debt, interest and costs of the said four loans of $1,500 each." By this the defendant, under the very words of the contract which brought him the Kerr mortgage, agreed to assign it back upon payment of the four loans. The mortgages which secured three of those loans the defendant has collected; the small deficiency on these mortgage sales he has received from a realization of the Kerr mortgage. He refuses to accept a return of the loan secured by the Herbert bond and mortgage and proposes to keep that as a good six per cent. investment and also to retain the large balance realized from collecting the Kerr mortgage. The right of the complainant, as Miss Ferguson's administrator, to pay off the last of the four

loans, and to have the securities which supported it re-assigned to him, and to have an accounting for the moneys collected on the Kerr mortgage appears to be entirely clear.

It should, perhaps, be noticed that the proofs show that the defendant surrendered the Kerr mortgage to be canceled. He thus became responsible for the mortgage money. There was no proof whatever that the defendant had assented to any delivery of these moneys to John H. Ringe, Jr., as a stakeholder. If there was any such delivery it must have been the voluntary act of the defendant, in no way binding upon the complainant.

As to the defendant's denial of the complainant's right to an accounting, it may be said that a complainant is entitled, under the general prayer, to any relief put in issue by the facts alleged and not inconsistent with the special prayers or the general object of the bill. *Hiern* v. *Mill, 13 Ves. *119.* In this case the special prayers are that the defendant may be decreed to perform his agreement to re-assign the mortgage, &c., and to pay the collateral mortgage moneys with interest. He has not accounted, so that the precise sum due on the fourth loan on the Herbert mortgage may be known, nor are the amounts of the deficiencies alleged by him admitted to be correct. An accounting as to these collateral matters complements the special relief prayed for and is entirely consistent with the general frame of the complainant's bill.

There should be an order of reference to a master to ascertain and report the amount due on the fourth loan remaining unpaid to the defendant, and to take and state an account of the amount paid by Hannah Kerr when she obtained the surrender of her mortgage by the defendant, charging the defendant with interest thereon from the date of that payment and crediting the complainant with such amounts of deficiencies on the first three loans as he may prove before the master. The testimony taken in this cause may be used by the master subject to this opinion, and all further equity should be reserved until the coming in of the master's report with said account.