181 N.J. Super. 361 (1981)
437 A.2d 725
JAMES ALEX MARCRUM, PLAINTIFF-APPELLANT,
v.
ERMA JEAN MARCRUM, A/K/A ERMA JEAN HADLEY, A/K/A ANASTASIA HADLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1981.
Decided November 5, 1981.
*362 Before Judges MICHELS, McELROY and J.H. COLEMAN.
Robert I. Kuchinsky argued the cause for appellant.
C. Gregory Watts argued the cause for respondent (Large, Scammell & Danziger, attorneys).
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
*363 This action involves an interstate child custody dispute brought pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). The pivotal issues presented are (1) whether New Jersey has jurisdiction to hear the case and (2) whether a plenary hearing is required to examine the merits of plaintiff's allegations. We answer yes to both questions.
A brief review of the procedural background and facts giving rise to this appeal is helpful to a resolution of the crucial issues presented. Plaintiff and defendant were divorced on January 31, 1977 in Texas. Custody of the two children born of the marriage was awarded defendant and plaintiff was accorded visitation rights. On June 1, 1979, the children went to Indiana to visit plaintiff through June 28 pursuant to plaintiff's court-ordered visitation. On June 28, 1979 plaintiff obtained an order for temporary custody from the Superior Court of Indiana. Defendant was duly served with a copy of that order. After a full hearing the Indiana court granted plaintiff custody of the two children on September 25, 1979. In March 1980 plaintiff was directed by his employer to relocate to the greater Philadelphia area to assume a new job. He moved to New Jersey in March or April 1980 with the two children. On April 2, 1980 the Indiana Supreme Court reversed the order changing custody, on the ground that the Indiana court lacked jurisdiction to modify the Texas custody decree.
On June 10, 1980 this lawsuit was filed by plaintiff seeking custody based upon alleged past and future abuse of the children. Annexed to the verified complaint were two reports of psychological evaluations and a hospital record detailing the wife's alleged alcoholic problem. The matter was heard by the court on September 26, 1980. The decision of the court was rendered on May 28, 1981. The judge dismissed plaintiff's complaint and order to show cause for lack of jurisdiction and, among other things, directed the production of the children in court on June 22, 1981 for delivery to defendant pursuant to *364 defendant's application for a writ of habeas corpus which the judge indicated he would sign and execute.
A notice of motion to stay the order of the trial judge and for the appointment of a guardian ad litem was filed with the Appellate Division on June 8, 1981. On June 19, 1981 an order granting the stay and denying the application to appoint a guardian ad litem was granted by us. Plaintiff has appealed from the entire order of the trial court. We accelerated the appeal.
The question of jurisdiction of the court to hear the dispute and the need for a plenary hearing are interrelated. The verified complaint contains broad allegations that an emergency exists. The nature of the alleged emergency is that if the children are returned to defendant mother, they will suffer irreparable harm. The trial judge rejected these allegations without a plenary hearing. In rejecting plaintiff's contention that there is need for emergency protection of the children, the trial judge stated:
I want to make it perfectly clear that these children had been in the State of Indiana from the period of June 1, apparently, through April of 1980, a period of almost one year, during which time they were in the husband's control. I find nothing there which would warrant a finding by me of an emergent need to protect the children.
The allegations here, in my opinion, are broad. In their singular aspect, none of them would constitute, in my opinion, an emergency. In their cumulus they might constitute a need to proceed under some protective umbrella.
But when I sat in matrimonials as long as I have, I am not moved either by the effect of those broad allegations. If in fact they are so, the appropriate place to put them to rest or to prove them  and the appropriate place is to put them to rest in the State of Texas, namely where they are alleged to have occurred.
N.J.S.A. 2A:34-31 delineates when New Jersey has jurisdiction. Subsection a, paragraphs (2) and (3), are pertinent here. They provide:
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

*365 (3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected;
Plaintiff has asserted that N.J.S.A. 2A:34-31 a.(2) is implicated because he and the two children have resided in New Jersey since March or April 1980 and there is present in this State substantial evidence concerning the irreparable present and future harm that would be caused the children if they were returned to the mother. Plaintiff also asserts that under paragraph (3) of subsection a. an emergency exists because the children are threatened with mistreatment or abuse. Specifically, plaintiff contends that the children have been physically abused by the stepfather and mother in Texas by inflicting unnecessarily severe corporal punishment. He further contends that the children have been neglected in the following ways: when they were in need of new glasses, they were not purchased by defendant; neither defendant nor her present husband have ever attempted to meet the children's teachers and the children were required to cook their own meals. It is alleged that the mother is an alcoholic. Reports of psychological studies and examinations recommend that the children remain with plaintiff and his present wife because the children genuinely fear being returned to defendant.
We are satisfied that when children are residing in New Jersey with a parent for a significant period of time, and that parent alleges that the children will be mistreated and irreparably harmed if they are returned to the nonresident parent, New Jersey has and should exercise jurisdiction and conduct a plenary hearing to determine the merits of such allegations. The polestar in such cases is, as it should be, the best interest of the children. This was the intendment of UCCJA. The observation of a recent commentator on UCCJA worth repeating:
It cannot be said that the intendment of the act was to place comity, misguided acts of parents or punishment of parents before the child's welfare, and it would be unfortunate if the application of the act resulted in a retreat from or *366 modification of the best interest rule. ["The Uniform Child Custody Act  a Comment," 106 N.J.L.J. 144 (1980)]
Here plaintiff's conduct is distinguishable from the plaintiff's conduct in Stevens v. Stevens, 177 N.J. Super. 167 (App. Div. 1981). There plaintiff's conduct was characterized as reprehensible because she forcibly entered the competent babysitter's residence, assaulted her and forcibly took custody of the minor child and brought the child to New Jersey. Here plaintiff received the children in June 1979 for four weeks' visitation. During the month of June he received an order of the Indiana Superior Court granting him temporary custody pending a hearing. That court made the custody permanent in September. During the pendency of the appeal plaintiff's job brought him to New Jersey. While his conduct should not be applauded since he did not obtain permission from the Indiana or Texas courts to bring the children to New Jersey, certainly the conduct was not reprehensible. Even where a plaintiff's conduct is reprehensible, or a plaintiff has brought a child into this State in violation of another state's decree without consent of the person entitled to custody, N.J.S.A. 2A:34-36 a. and b. recognize that there are circumstances that militate against New Jersey declining to exercise jurisdiction. Clearly, a finding that the children will be harmed if they are returned to the other parent is just such a circumstance.
The case of Trujillo v. Trujillo, 378 So.2d 812 (D.Ct. App. 1979), deals with an issue similar to the one now before this court: continuing jurisdiction of one state and the exercise of emergency jurisdiction by another. The child in that case was taken from New York to Florida by the father. The mother had been granted custody of the child by a decree issued in New York. The Florida court was told that the mother was allegedly unfit due to her involvement with drugs. The Florida court then awarded temporary custody to the father pending resolution of the matter. In Florida, the mother offered a certified copy of an order of a New York court dismissing drug charges against her. The Florida court exercised its emergency jurisdiction *367 and, after weighing all of the evidence, decided to enforce the New York custody decree. Id. at 815. Here, considering the seriousness of the allegations as a whole, a similar procedure should have been followed.
The trial judge should have exercised the court's emergency jurisdiction under N.J.S.A. 2A:34-31 a.(3)(ii), and should have conducted a plenary hearing to weigh all of the evidence bearing on the alleged mistreatment or abuse of the children. New Jersey must not abdicate it parens patriae duty to these children. The welfare of the children should not be sacrificed on the alter of judicial punishment of plaintiff for contemptuous conduct Nehra v. Uhlar, 168 N.J. Super. 187 (App.Div. 1979), certif. den. 81 N.J. 413 (1979).
Accordingly, the order appealed from is reversed. The matter is remanded to the trial court to conduct a plenary trial of the allegations in the complaint. We do not retain jurisdiction.