197 N.J. Super. 55 (1984)
484 A.2d 41
SAKINA BENGALI AND YAHYA BENGALI, PLAINTIFFS,
v.
MARYAM HAVELIWALA, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided August 17, 1984.
*56 Renee Pipe Wallace, for plaintiffs (Sheldon Schiffman, attorney).
Amirali Y. Haidri, for defendant (Haidri, Glazer & Kamel, attorneys).

OPINION
KRAFTE, J.S.C.
This matter has been opened by this Court, sua sponte, to determine whether this Court shall maintain jurisdiction pursuant *57 to the Uniform Child Custody Jurisdiction Act, hereinafter referred to as the UCCJA, N.J.S.A. 2A:34-28 et seq., specifically N.J.S.A. 2A:34-31.
Technically, this Court proceeds under authority of Rule 4:6-2(a), "Lack of jurisdiction over the subject matter", a non-waiveable defense. In Gilbert v. Gladden, 87 N.J. 275 (1981), the Court stated that:
... the issue of whether subject-matter jurisdiction exists ... involves merely a threshold determination as to whether the Court is legally authorized to decide the question presented.
By way of history, this matter was instituted by plaintiffs' Order to Show Cause with Temporary Restraints, dated June 13, 1984. A Complaint was filed simultaneously, seeking custody of Hozefa, natural son of the plaintiffs.
Hozefa, now thirteen years of age, was one of twin boys born to plaintiffs on December 12, 1970, in Pakistan, where plaintiffs were then citizens, though since becoming citizens of the United States. For reasons unnecessary for this determination, Hozefa was placed with Yahya Bengali's sister (defendant herein) and her former husband, for purposes of raising Hozefa. A false birth certificate was obtained by plaintiffs showing defendant and her former husband to be Hozefa's natural parents, who were, at that time, residents of Buffalo, New York. At two months of age, Hozefa was flown to Toronto, Canada, and thereupon brought into the United States.
Hozefa continued to live in the State of New York, basically on Staten Island, after the Haveliwalas were divorced in August, 1973. Hozefa attended private day school on Staten Island and, commencing in the second grade, attended a private school in Connecticut. Defendant resides in New York City and, prior to the entry of the Order to Show Cause, Hozefa's legal residence was with defendant, by virtue of a Judgment of Divorce entered by the Supreme Court of the State of New York on August 16, 1973, incorporating a Property Settlement Agreement which specifically gave "* * * full and exclusive *58 custody of the child of the marriage between the husband and the wife" to the defendant herein.
The aforesaid Order to Show Cause (issued by another judge) found that Hozefa, for the purposes of issuance of the Order to Show Cause, was the natural son of plaintiffs, that he resides with plaintiffs in Emerson, New Jersey, and that defendant was threatening to remove him from this State. Restraints were issued against removal and temporary custody awarded to the plaintiffs. The return date was June 28, 1984.
On the return date, the parties appeared in chambers, through their attorneys, who fully set forth their respective, conflicting positions. An oral order was issued entering an interlocutory injunction against removal, granting temporary custody to plaintiffs, and enjoining interference with such custody. Psychiatric examinations were ordered with plaintiffs advancing fees, visitation was ordered and a plenary hearing directed upon receipt of such medical reports, as well as a Probation Department investigation report. On June 29th, a written order was presented and signed, formalizing the court's oral rulings.
By pleading dated July 16, 1984, defendant filed a Notice of Motion for Leave to Appeal the interlocutory order of June 29th. Opposing papers were filed. Leave to appeal was denied. Jurisdiction was not retained by the Appellate Division. The Appellate Division directed expedition of psychiatric reports, in camera interview, and, before final determination, a consideration of New York jurisdiction.
This Court has, independently, examined this case in light of the UCCJA in general, and the jurisdictional question in particular. Since jurisdiction of the subject matter is crucial and indispensible to a valid determination, this Court finds that it may examine into and make a jurisdictional determination prior to an in camera interview and receipt of all psychiatric reports.
Where the Court lacks jurisdiction to grant the relief prayed, the bill or petition may be dismissed at any stage of the proceedings. Niland v. Niland, 96 *59 N.J. Eq. 438 (Chan.Div. 1924). See also Phila. Trust &c., Co. v. Merchantville, 74 N.J. Eq. 330 (Chan.Div. 1908).
Clearly, this Court has the power to question subject matter jurisdiction at any time, in spite of all orders heretofore issued, for if it is determined that subject matter jurisdiction does not exist, nothing is before this Court.
N.J.S.A. 2A:34-31 specifically sets forth the criteria for subject matter jurisdiction, reading as follows:
2A:34-31. Jurisdiction of Superior Court.
a. The superior court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This State (i) is the home state of the child at the time of commencement of the proceedings, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
b. Except under paragraphs (3) and (4) of subsection a, physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
c. Physical presence of the child, while desirable is not a prerequisite for jurisdiction to determine his custody. L. 1979, c. 124, § 4, eff. July 3, 1979.]
The question now placed before this Court is whether the above statute, on the above facts, invests this Court with subject matter jurisdiction. An examination of the criteria is necessary.
1. Was this State the home state of Hozefa at the time of commencement of this proceeding? N.J.S.A. 2A:34-30(e) defines *60 "home state" as that state where the child lived "with a person acting as parent" for at least six consecutive months immediately preceding the time involved. Clearly Hozefa did not so reside with plaintiffs, but rather, his legal residence was in the State of New York for some thirteen years. In fact, Hozefa never was a resident of this State prior to the entry of the June 13th order.
2. Was Hozefa removed from this State by defendant? The answer is obviously "No".
3. Should this Court assume jurisdiction in Hozefa's best interest, because he and the plaintiffs have a significant connection with this State, and there is a showing that substantial evidence can only be produced in this State concerning Hozefa's present or future care, protection, training and personal relationships? This Court must find that Hozefa does not have any significant connection to the State of New Jersey, but that his connection is merely transitory. E.E.B. v. D.A., 89 N.J. 595 (1982) holds:
Significant contact jurisdiction, however "comes into play either when the home state test cannot be met or as an alternative to that test". [Id. at 609.]
His connections are to the State of New York and the State of Connecticut. His medical records and history, his training, his personal relationships are all without this State. All substantial evidence concerning his best interests lie elsewhere. The plaintiff fails to make a prima facie showing that New Jersey is either Hozefa's home state or that he has significant contact with this State.
4. Hozefa being physically in this State, this Court must inquire as to whether he was abandoned (this Court finds that he was not, nor has anyone made such claim), or whether defendant has abused or otherwise neglected him. No such claim is valid.
5. Would another state appear to have jurisdiction under the above prerequisites? This Court finds that New York is the home state of Hozefa; that his legal residence was in that state for some eleven years prior to institution of the instant proceedings; *61 that Hozefa has no significant contacts in the State of New Jersey (in spite of the fact that his biological parents and twin brother reside in this State); that all records and persons in a position to furnish "substantial evidence" concerning all aspects of Hozefa's life are primarily in the State of New York, secondarily in the State of Connecticut, and non-existent in the State of New Jersey; that he has not been abandoned; that no emergency exists requiring a protective order; that he has not been subjected to or threatened with mistreatment or abuse; that he has not been neglected; that the State of New York would have all the necessary prerequisites above to be vested with jurisdiction; that the State of New York has not declined jurisdiction; that this State is not the appropriate forum to determine custody of Hozefa; that it is not in the best interest of Hozefa that this Court assume jurisdiction; that the presence in this State of Hozefa and the plaintiffs is not sufficient to confer jurisdiction on this Court to make a custody determination; and that the State of New York, in a judicial proceeding in 1973, issued a custody determination regarding Hozefa.
Plaintiffs place great reliance on N.J.S.A. 2A:34-31a(3)(ii) and claim such an emergency exists whereby this Court should exercise its jurisdiction, even lacking other statutory criteria, and cites Marcrum v. Marcrum, 181 N.J. Super. 361 (App.Div. 1981). This Court finds that plaintiffs can find no solace in Marcrum.
Initially, this Court finds that the alleged factual assertions of plaintiffs are nothing more than assumptions and conclusions, amounting to no more than pure conjecture. Although our courts are vitally concerned with making determinations which are in the best interest and welfare of children, mere allegations do not raise conjecture to the status of prima facie proof, which would warrant a full plenary hearing in New Jersey.
Marcrum admonishes us that:
We are satisfied that when children are residing in New Jersey with a parent for a significant period of time, and that parent alleges that the child will be *62 mistreated and irreparably harmed if they are returned to the non-resident parent, New Jersey has and should exercise jurisdiction and conduct a plenary hearing to determine the merits of the allegations. [Id. at 365.]
It is clear from the papers filed that Hozefa has not (and was not in June, 1984) residing in New Jersey "for a significant period of time." The allegations alluded to do not indicate that irreparable harm will occur to Hozefa if he were to be returned to defendant. This Court's present determination is not a custody ruling. There being a present, active case pending in the State of New York, this Court must conclude that all aspects of relief sought by both parties will receive prompt, adequate and complete attention in that State.
This Court finds that Marcrum, supra, does not authorize a plenary hearing merely because conclusionary allegations are made, as plaintiff would appear to state. Such a literal interpretation would lead to chaos. Judicial discretion, properly exercised, must be interjected. A prima facie case must be presented. It has not been.
Plaintiffs allege that defendant, together with her former spouse, committed a fraud upon the New York court in the 1973 divorce proceedings by alleging that Hozefa was a child of the marriage. Suffice it to say, if in fact it were fraud, plaintiffs were full, knowledgeable participants in that they provided the vehicle, i.e., the falsified birth certificate, to enable defendant to make her claim. Even if plaintiffs' claim of fraud is true, does that affect jurisdiction in New York, thereby making its judgment void? We think not.
This Court finds that the Legislature of the State of New Jersey set forth specific public policy by adopting N.J.S.A. 2A:34-29, as follows:
2A:34-29. Legislative findings.
The Legislature finds that this act is necessary in order to:
a. Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being;
b. Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child;

*63 c. Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state;
d. Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child;
e. Deter abductions and other unilateral removals of children undertaken to obtain custody awards;
f. Avoid relitigation of custody decisions of other states in this State insofar as feasible;
g. Facilitate the enforcement of custody decrees of other states; and
h. Promote and expand the exchange of information and other forms of mutual assistance between the courts of this State and those of other states concerned with the same child. [L. 1979, c. 124, § 2, eff. July 3, 1973.]
The actions of the plaintiffs herein constitute those precise evils which this legislation sought to alleviate. Every factor in this case virtually cries out for a determination in the State of New York.
This Court finds that New Jersey does not have subject matter jurisdiction. This Court retains jurisdiction for the sole purpose of ordering immediate transfer of physical custody of Hozefa to defendant. Upon such transfer, the Complaint is dismissed and all orders vacated. No costs.