227 N.J. Super. 528 (1988)
548 A.2d 195
MICHAEL SCHMIDT, PLAINTIFF-APPELLANT,
v.
KATHLEEN MARY KEADY SCHMIDT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1988.
Decided January 21, 1988.
*529 Before Judges J.H. COLEMAN, O'BRIEN and HAVEY.
Ronald M. Fraioli argued the cause for appellant.
Melvin R. Solomon argued the cause for respondent.
J.H. COLEMAN, P.J.A.D.
In this international child custody case the issue is whether a West Germany court or a New Jersey court should decide which parent should have custody of a young child. The trial judge held that the issue should be decided in New Jersey. We now affirm.
The facts essential to our decision are not in dispute. Plaintiff and defendant were married on October 12, 1984 in West Germany. Plaintiff is a citizen of West Germany and defendant is an American citizen. While residing in West Germany defendant was employed on a United States Army base in Stuttgart. On January 12, 1985 Oliver Michael, who is the child involved in this appeal, was born to the couple. Oliver has dual citizenship.
On May 12, 1986, without prior notice to the plaintiff, defendant left West Germany with Oliver. She left apparently because of marital difficulties. She returned to her parents' home in Ramsey, New Jersey. Defendant and Oliver have resided in Ramsey since May 12, 1986. On May 13, 1986 plaintiff obtained an ex parte order from the District Court of Stuttgart, Division of Family Matters, which granted plaintiff custody of Oliver pending a full hearing. On May 14, 1986 defendant called plaintiff from her parents' home, notifying him that she and Oliver were there. On June 27, 1986 plaintiff obtained another ex parte order from the same court in Germany ordering *530 defendant to return Oliver to plaintiff. Defendant did not follow the mandate of either German order.
In early August 1986 plaintiff came to the United States seeking custody. On August 4, 1986 he filed a verified complaint seeking enforcement of the May 13, and June 27, 1986 orders issued by the West Germany court. Plaintiff obtained an order to show cause which was returnable on August 5, 1986. The parties appeared before Judge Sorkow and presented argument on that date.
During the August 5 hearing, the judge indicated he was dismissing the order to show cause because the only relief sought by plaintiff was enforcement of the invalid orders from Germany. Counsel for plaintiff responded by saying that he could amend the prayer for relief in the verified complaint "if the court wants, in pen and ink." Plaintiff's counsel then stated:
The plaintiff is looking for some type of speedy resolution to this matter.... Just ask the court's assistance, [if] it could advise me as to how we might proceed in order.
* * * * * * * *
You [Judge Sorkow] mentioned a motion regarding forum non-convenience?
The Court: Well, you're going to say that the case should be tried in Germany.
Mr. Fraioli: Yeah.
The Court: I would make a motion in this court returnable next motion day, perhaps on short notice.
* * * * * * * *
And you would be able to raise argument that one might normally hear under the UCCJA, improper taking and so forth, and you would have to meet that as to what was wrong with the child being in Germany.
At that point counsel for defendant suggested that the UCCJA probably did not apply to this case. The judge replied by saying that the Uniform Child Custody Jurisdiction Act (UCCJA), N.J.S.A. 2A:34-28 et seq. did apply because of its comity provisions "assuming there are valid orders." At the conclusion of the August 5 hearing the judge formally denied the application to enforce the orders from Germany.
*531 On August 11, 1986 Judge Sorkow signed an order denying plaintiff's request for enforcement of the German court orders of May 13 and June 27, 1986. The propriety of that ruling has not been raised in this appeal. The judge also restrained plaintiff from removing Oliver from his present residence, and permitted plaintiff visitation with the child on every Saturday. The judge stated that he would not enforce the West Germany court orders because the defendant was not served with process.
After amending the complaint to seek permanent custody plaintiff filed a motion on August 14, 1986 to transfer the matter to the Division of Family Matters of the District Court, Stuttgart, West Germany on the ground of forum non conveniens. On the same day defendant filed an answer and a counterclaim for divorce and custody. Plaintiff did not file an answer to the counterclaim for divorce.
On October 30, 1986 the parties appeared before Judge Sorkow for oral argument on the motion to transfer the case to West Germany. The disposition of this matter was delayed unfortunately through the winter of 1986-1987 while the judge presided over the proceedings in the Baby M case.
In a letter opinion dated May 28, 1987 the judge denied plaintiff's motion to transfer the case to West Germany. First, he concluded that the court had the jurisdiction necessary to render a binding decision. Once the plaintiff sought the aid of the New Jersey court, the court obtained personal jurisdiction over him on all issues raised in the matter. As to the counterclaim for divorce, the judge found that the court had in rem jurisdiction over the Schmidt marriage pursuant to N.J.S.A. 2A:34-10. This statute vests jurisdiction in the New Jersey Superior Court when either of the parties has been a bona fide resident of the State for a least one year preceding the commencement of the action. Because defendant maintained her permanent residency in New Jersey during her entire stay in Germany, the judge found that New Jersey had jurisdiction.
*532 Second, the court found that the mere presence of Oliver in the State provided jurisdiction to render a decision regarding his custody. The court relied on the doctrine of parens patriae which creates a duty to protect the interests of an infant child, independent of either parents' domicile.
Finally, the judge concluded that the case should not be transferred based on the doctrine of forum non conveniens. The court also found that neither the UCCJA nor the Hague Convention cited by plaintiff was controlling. On June 15, 1987 an order was entered denying plaintiff's motion to transfer the case to West Germany. We granted leave to appeal on July 22, 1987 and accelerated the appeal. Appellant's brief was filed on November 6, 1987. Respondent's brief was filed on December 9, 1987.
In this appeal plaintiff argues that venue should have been changed to West Germany based on (1) the doctrine of forum non conveniens, (2) the Uniform Child Custody Jurisdiction Act, and (3) the Hague International Child Abduction Convention.
Although the trial judge concluded that the doctrine of forum non conveniens is generally unavailable to a plaintiff, he nonetheless recognized the correct legal standard to be considered when deciding whether the case should be transferred to West Germany. He stated, "[F]actors which may be considered in determining the proper forum are:
`... the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make the trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.' Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 844, 91 L.Ed. 1055, 1062 (1947) cited in Loonan v. Marino, 179 N.J. Super. 164, 168 (Ch.Div. 1981) and Gore v. United States Steel Corp., 15 N.J. 301, 306 (1954)."
Additionally, after the trial judge analyzed the forum non conveniens doctrine and the UCCJA, he stated the following:

*533 The factors used in the above cases may be applied to the current matter. The Schmidts married and resided in West Germany. Their son was born in West Germany. Mr. Schmidt continues to reside in West Germany. Mrs. Schmidt resides in New Jersey. It would be difficult and expensive for either party to litigate where the other party resides now. Both parties are responsible for their son's care. Information accurately portraying the parents' abilities to properly raise the child is necessary and important. It must be taken into account that defendant fled West Germany taking the child with no notice to the husband. She gave no recognition to his parenting of the child. The alleged abuse suffered by the defendant at plaintiff's hands should also be recognized and given weight. Neither parents right of custody is superior. E. v. T., 124 N.J. Super. 535, 540-41 (Ch.Div. 1973). Moreover, custody decrees act prospectively, Fantony [v. Fantony], supra, 21 N.J. 525, 536 (1956). So this court needs information on the type of home either parent can provide for this particular child, from this point forward.
Even though the judge's reasoning at times was not a paragon of clarity, our independent evaluation of all the appropriate factors satisfies us that there was no abuse of discretion in denying the transfer based on forum non conveniens. Additionally, plaintiff has not called our attention to any reported case and our independent research has revealed no case permitting a plaintiff to invoke the doctrine.
Similarly, the UCCJA does not require a transfer. The forum non conveniens doctrine discussed in N.J.S.A. 2A:34-35 and relied on by plaintiff does not strengthen his position. The UCCJA applies to those states which adopted the Act. N.J.S.A. 2A:34-30j provides that "State" means "any state, territory, or possession of the United States, the Commonwealth of Puerto Rico, and the District of Columbia." The UCCJA only applies to an international child custody case when the State is asked to recognize and enforce decrees of foreign countries. But even then, the foreign decree will be recognized and enforced only when "reasonable notice and opportunity to be heard were given to all affected persons." N.J.S.A. 2A:34-51. No foreign decree which satisfies this statutory requirement was produced in this case. The German decrees were not enforceable in New Jersey because they were obtained without notice to defendant. Mc v. Mc, 215 N.J. Super. 132 (Ch.Div. 1986). Furthermore, even if N.J.S.A. 2A:34-35 did apply to an international custody *534 case such as this one, the forum non conveniens doctrine outlined in N.J.S.A. 2A:34-35a is also discretionary. See N.J.S.A. 2A:34-35f and N.J.S.A. 2A:34-36. Consequently, a failure to transfer based on UCCJA was not an abuse of discretion.
Plaintiff urges a reversal based on the Hague International Child Abduction Convention. The United States Department of State has advised the court and counsel that the "Convention is not in force for either the U.S. or the Federal Republic of Germany (FRG)." This is so even though the President of the United States signed the Convention on December 23, 1981 and the Senate of the United States gave its advice and consent to the ratification on October 9, 1986. Congress has not enacted implementing legislation outlining procedures for repatriation of children. The Convention does not become effective until Congress acts. Thus, the trial judge correctly concluded that the Convention was not controlling.
Unfortunately, the trial judge was delayed in concluding this case because he was presiding over the Baby M case. By now the child has been with his mother in New Jersey since May 12, 1986, which is more than 19 months. The child's best interest requires that the case be heard in a New Jersey Superior Court, which has jurisdiction to decide a custody dispute based on the best interest of the child. N.J.S.A. 2A:34-31a(2) and N.J.S.A. 2A:34-29. Otherwise, the child becomes a pawn in a jurisdictional chess game. E.E.B. v. D.A., 89 N.J. 595, 611 (1982), cert. den. 459 U.S. 1210, 103 S.Ct. 1203, 75 L.Ed.2d 445 (1983), reh. den. 460 U.S. 1104, 103 S.Ct. 1806, 76 L.Ed.2d 369 (1983); Borys v. Borys, 76 N.J. 103 (1978), Fantony v. Fantony, 21 N.J. 525, 535 (1956); Wilke v. Culp, 196 N.J. Super. 487 (App. Div. 1984), certif. den. 99 N.J. 243 (1985); Marcrum v. Marcrum, 181 N.J. Super. 361 (App.Div. 1981), app. dis. 93 N.J. 232 (1982). This does not mean, however, that we condone the mother's unilateral action. For this reason, the trial court should consider requiring that the defendant share in the plaintiff's extra expenses to be incurred because New Jersey retains jurisdiction. In this regard, counsel for the defendant represented *535 to the court during oral argument that he will encourage the defendant to share plaintiff's extra expenses.
The order under review is affirmed. We do not retain jurisdiction.