In re the MARRIAGE OF Gerrine E. OLIVE and Charles R. Olive.

Upon the Petition of Gerrine E. Olive, Petitioner-Appellant,

And Concerning Charles R. Olive, Respondent-Appellee.

No. 2–69243.

Court of Appeals of Iowa.

Sept. 27, 1983.

---

Gregory J. Epping, Cedar Rapids, Iowa, for petitioner-appellant.

Donald L. Carr II of Fisher, Martin, Ehrhart & McCright, Cedar Rapids, Iowa, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

SCHLEGEL, Judge.

Petitioner, Gerrine Olive, appeals trial court's order overruling her special appearance and the subsequent default judgment modifying the visitation and child support provisions of the parties' dissolution of marriage decree. Gerrine asserts on appeal that there was insufficient evidence in the record for the trial court to make a determination as to whether it had subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (U.C.C.J.A.) and that the trial court erred in making the effective date of the child support modification retroactive to the date the application for modification was filed. Respondent, Charles Olive, asserts that Gerrine is precluded from challenging the substance of the trial court's ruling for the first time on appeal. We affirm.

The marriage of Gerrine and Charles was dissolved by a 1977 dissolution decree filed in Linn County. Gerrine was awarded custody of the parties' minor children, subject to visitation rights awarded to Charles. Gerrine and the children moved from Cedar Rapids in July, 1980, without giving Charles

notice, and he allegedly was unable to discover their new location in California until August, 1981. On September 3, 1981, Charles filed an application to modify the child custody, visitation, and child support provisions of the dissolution decree alleging that the move to California by Gerrine and the children constituted a change of circumstances. Charles's application did not include the information required by Iowa Code section 598A.9, nor was that information provided in an affidavit attached to the pleading. Gerrine filed a special appearance on January 27, 1982, challenging the Iowa court's subject matter jurisdiction to entertain the modification action. Gerrine alleged that Charles had failed to provide the trial court sufficient information on which to determine jurisdiction under Iowa Code chapter 598A and that the Iowa court, in fact, lacked subject matter jurisdiction under provisions of Iowa Code section 598A.3(1). Charles filed a resistance to the special appearance and attached a supporting affidavit giving information pertinent to the jurisdictional issues under Iowa Code section 598A.3(1).

The trial court overruled Gerrine's special appearance on April 28, 1982, concluding that it had subject matter jurisdiction under Iowa Code section 598A.3(1)(a) and (b). The trial court held "that courts in Iowa are not precluded from exercising jurisdiction by the mere removal of the child, whether in good faith or not, from the state and their continued absence from the state for a period of more than six months." Subsequently, Gerrine was personally served in California with the application for modification and was notified of the modification hearing date.

At the modification hearing, Gerrine was not personally present nor represented by counsel. The court entered a modification order on August 27, 1982, modifying only the visitation provisions of the dissolution decree and reducing the child support requirements. The court concluded in its modification order that Gerrine's move to California constituted a substantial change of circumstances. The trial court specified that the child support reduction was effec-

tive retroactively to the date the application for modification was filed.

■ I. Subject Matter Jurisdiction Under Iowa Code Chapter 598A. This court gives **de novo** review to questions of subject matter jurisdiction under the U.C.C.J.A., whether raised by special appearance or by some other procedural device in the court of litigation under the act. *St. Clair v. Faulkner,* 305 N.W.2d 441, 445 (Iowa 1981). In other respects the special appearance procedural rules apply. *See Larsen v. Scholl,* 296 N.W.2d 785 (Iowa 1980). "We accept the allegations of the petition as true. Plaintiff has the burden to sustain the requisite jurisdiction, but when a prima facie case is established, defendant has the burden to produce evidence to rebut or overcome it." *Id.* at 787. Upon our **de novo** review of the record, we believe Charles has sustained his burden.

■ Initially it should be made clear that there is no issue as to whether or not Iowa has jurisdiction over the person of Gerrine Olive. What is at issue is subject matter jurisdiction under the U.C.C.J.A. to determine custody of the parties' children. Submission of a person to the jurisdiction of the court does not confer jurisdiction under the act. *Slidell v. Valentine,* 298 N.W.2d 599, 602 (Iowa 1980).

■ While it is true Charles failed to strictly comply with Iowa Code section 598A.9 in not including in his petition or attaching thereto in an affidavit the information required by that section, he did include that information in his resistance to the special appearance. Although we note that it is better for a party to comply with the requirements of the statute in filing a petition, a remand because of this technical violation under these facts would serve little useful purpose. Therefore, we hold that the affidavit filed in this case in resistance to the special appearance may be considered as if it were properly attached to the petition as required by Iowa Code section 598A.9. Moreover, we note that although Gerrine complains there was insufficient evidence to make a determination of sub-

ject matter jurisdiction under Iowa Code section 598A.3, she presented no evidence or affidavits at the hearing on her special appearance in support of her allegations relating to the jurisdiction of the court. Although now asking for a remand to gather more evidence, she clearly failed to present evidence as to jurisdiction when she had the opportunity. We, therefore, must accept the contents of Charles' affidavit as true in determining the Iowa court's subject matter jurisdiction. *See DeCook v. Environmental Security Corporation, Inc.,* 258 N.W.2d 721, 725 (Iowa 1977).

■ The affidavit by Charles establishes that the Iowa court entered the original decree in this action and that the children had been residents of Iowa their entire lives or were residents of Iowa at least six months before commencement of the modification proceedings. Gerrine's special appearance alleges in paragraph eight that the children have not been in Iowa for over six months and that California is the appropriate forum for this action. She, however, presents no evidence or affidavit to support this allegation. We find that the Iowa court had subject matter jurisdiction of this modification action under Iowa Code section 598A.3(1)(a). Iowa, under that section, is the home state of the children.

Moreover, we reject the implication of Gerrine's argument that after the children have been removed from the jurisdiction where the original decree was entered, and resettled in another jurisdiction for a period of six months, the former jurisdiction loses subject matter jurisdiction under the U.C.C. J.A. "Exclusive continuing jurisdiction is not affected by the child's residence in another state for six months or more. Although the new state becomes the child's home state, significant connection jurisdiction continues in the state of the prior decree where the court record and other evidence exists and where one parent or another continues to reside." Boddenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA,* 14 Fam.L.Q. 203, 215 (Winter 1981). *Cf. Slidell v. Valentine,* 298 N.W.2d

at 604 (the substantial connection requirement of Iowa Code section 598A.3(1)(b) focus is upon the connections of the child and not the parents). Under the uncontroverted evidence presented in Charles's affidavit, it is clear that the Iowa court also had jurisdiction under Iowa Code section 598A.3(1)(b). *In re Marriage of Hubbard,* 315 N.W.2d 75, 79–80 (Iowa 1982).

II. Retroactive Reduction of Support Payments. Gerrine next asserts that, even assuming the Iowa court had subject matter jurisdiction, it erred in modifying Charles's child support obligations retroactively to the date of filing the application for modification. Charles asserts that Gerrine failed to preserve error on the merits of the decree by failing to appear.

■ Normally when a default judgment is involved, review is limited to determining whether the relief granted exceeded or was inconsistent with the demands made in the petition. *Claeys v. Moldenschardt,* 169 N.W.2d 885, 886 (Iowa 1969). In a dissolution case, however, the **de novo** appellate review permits a broader determination. *In re Marriage of Huston,* 263 N.W.2d 697, 700 (Iowa 1978). We determine the basis of the decree's provision in light of the total record made at trial. Our **de novo** review is limited to the scope of the relief granted and the equities of the decree as determined by an examination of the entire record made at trial. *Id.* at 700.

■ The supreme court in *Willcox v. Bradrick,* 319 N.W.2d 216, 219 (Iowa 1982), held that the right to modification dates from the time of the application. Although *Willcox* and the cases on which it relies factually deal with increases in support, the court in *Willcox* gave no indication that the rule should be limited to increases. In view of *Willcox,* the retroactive reduction of child support payments to the date of the filing of the application for modification was proper.

AFFIRMED.