450 So.2d 1253 (1984)
Joseph A. BARNES, Appellant,
v.
Linda L. OSTRANDER, Appellee.
No. 83-2503.
District Court of Appeal of Florida, Second District.
June 8, 1984.
Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellant.
Gary A. Hewetson, P.A., Clearwater, for appellee.
GRIMES, Judge.
This appeal involves a suit for change of custody under the Uniform Child Custody Jurisdiction Act.
The parties were divorced in Michigan in 1974. Custody of their minor daughter, Victoria, was awarded to the wife. Victoria and her mother moved to Illinois, and the husband now lives in Florida. In October of 1983, the husband filed suit in Florida for change of custody, alleging that Victoria had been living with him since July of 1983. He asserted that Victoria had been seen by several physicians and the All Childrens' Hospital Cleft Palate Team and that she was in need of surgical intervention to correct certain facial deformities. The husband claimed that he had previously sought to have the wife take such action but that she had neglected to do so.
The wife moved to dismiss for lack of jurisdiction and filed an affidavit stating that the husband had illegally kept Victoria in Florida following her summer visitation with him. She also pointed out that she had been advised in the past to "hold off" on surgery but that she had now scheduled an appointment for Victoria at the University of Illinois Hospital. The court entered an order declining jurisdiction to modify the Michigan custody decree upon the authority of section 61.1318(2), Florida Statutes (1983), and Mondy v. Mondy, 428 So.2d 235 (Fla. 1983). We affirm.
The husband does not contend that Florida is the "home state" of the child as defined by the uniform act. He asserts jurisdiction under section 61.1308(1)(b), which authorizes a court to make a custody determination if:
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:

*1254 1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
Section 61.1318(2), the statute upon which the court declined jurisdiction, reads in pertinent part:
Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody... .
The husband first suggests that it does not appear from the face of the complaint that he had improperly retained the child following a period of temporary custody. However, the wife filed an affidavit to this effect, and he never denied the truth of the assertion. Speaking motions with supporting affidavits may be filed in order to attack jurisdiction over the subject matter. See H. Trawick, Florida Practice and Procedure § 3-3 (1983).
The husband also argues that the court should have at least taken testimony in order to determine whether to accept jurisdiction "in the best interest of the child." Even assuming the truth of the husband's allegations, we cannot say that the court erred in concluding that the interest of the child did not require the Florida court to assume jurisdiction. The husband was in violation of the Michigan judgment, and section 61.1318(2) is designed to discourage child snatching and forum shopping in custody cases. Cf. Mondy v. Mondy (wherein the supreme court reversed the trial judge for failure to decline jurisdiction by invoking the clean hands provision of the statute).
AFFIRMED.
BOARDMAN, A.C.J., concurs.
CAMPBELL, J., specially concurs with opinion.
CAMPBELL, Judge, specially concurring with opinion.
I concur with the result reached in this case because I cannot say that the trial judge so abused his discretion as to require our reversal. However, I would also, on the same basis, have affirmed his actions if he had concluded that the best interests of the child warranted his exercise of jurisdiction.
If the "best interest of the child" is to remain a viable standard in Florida child custody proceedings, it would seem incumbent upon the trial judge to have taken testimony to determine what in fact were the best interests of the child. However, because those interests can still be determined in Illinois, the child's home state now, and because we are sitting in an appellate capacity, I cannot say the trial judge below abused his discretion by deciding the question upon the pleadings and supporting affidavits.