### In re the MARRIAGE OF Michael D. PANICH and Song Cha Panich (Verbic).

**Michael D. Panich, Petitioner-Appellant,**

. **and**

**Song Cha Panich (Verbic), Defendant-Respondent.**

**No. 13258.**

Missouri Court of Appeals, Southern District, Division Two.

June 26, 1984.

Van A. Miller, Waynesville, for petitioner-appellant.

Tyce S. Smith, Sr., Waynesville, for defendant-respondent.

PREWITT, Judge.

The marriage of the parties was dissolved by the Circuit Court of Pulaski County, Missouri on December 3, 1979, and appellant received custody of the parties' two minor children. The decree provided that "neither party shall remove the children from the State of Missouri without the approval of the other party or without the approval of the Court." [1] On December 26, 1979, appellant moved with the children to the state of California.

On July 22, 1980, respondent filed a motion to modify the decree, seeking principal custody of the children. The trial court found that there was a change in conditions since the entry of the original decree of dissolution and granted respondent custody of the two children during the school year. It also ordered appellant to pay child support of $150 per month, per child, and to pay to respondent's attorney $500 attorney's fee.

Appellant contends that the trial court did not have jurisdiction over the motion to modify because of the "Uniform Child Custody Jurisdiction Act", §§ 452.440–452.550, RSMo 1978 [2]. He asserts that Missouri courts do not have jurisdiction because Missouri had not been the home state of the children within six months of the filing of the motion; that the children did not have a

---

1. A provision similar to that has since been codified. See § 452.375.3, RSMo Supp.1982; § 452.375.6, RSMo Supp.1983.

2. For a discussion of jurisdiction under the act generally, see Krauskopf, Child Custody Jurisdiction under the UCCJA, 34 J.Mo.Bar 383 (1978).

significant connection with Missouri; and there was not available in Missouri substantial evidence concerning the children's present or future care, protection, training and personal relationships. See § 452.-445(4) and § 452.450, RSMo 1978.

In its order modifying the decree the trial court found "[t]hat the Petitioner, Michael D. Panich, filed a cause of action in the State of California; however, the Court of California and the Circuit Court of Pulaski County, have determined that jurisdiction in this cause lies in the State of Missouri."

At the close of respondent's evidence appellant's attorney moved that respondent's motion be dismissed. Following that the trial judge stated: "Now, gentlemen, is this—in connection with that motion is this October 29th letter from Judge Pearson to be considered? It's been sent back to us—to me and it is stated that these parties agreed that these matters which they've listed here would be resolved in this Court." Appellant's counsel replied, "I'm assuming so; yes, sir." The motion to dismiss was then denied. That letter was marked as an exhibit but is not before us. Neither party contends that the trial court misstated its contents.

We do have as a part of the record a letter dated October 29, 1982, addressed to Judge Frank S. Pierson of the Superior Court of Stanislaus County, California signed by attorneys for both parties setting forth the matters in dispute and stating that the only issues are in which state the hearing is to be held and which party is to have custody of the children during the school year, and that the "parties agree that these orders shall be entered in both California and Missouri and shall be the only effective orders in both states."

■ On November 12, 1982, the record reflects that the Missouri trial judge notified the parties' counsel that he had talked by telephone with Judge Pierson. This may have been done in compliance with § 452.465.3, RSMo 1978. The judges apparently agreed that the Circuit Court of

Pulaski County, Missouri should assume jurisdiction to determine these disputes based on § 452.450.1(4), RSMo 1978. That section gives a Missouri court jurisdiction if "another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction." Although there may have been other reasons that a Missouri court was the "more appropriate forum", see § 452.470, RSMo Supp.1982, there was clearly a basis for the California court to decline jurisdiction because appellant removed the children from Missouri in violation of the dissolution decree. See § 452.-475.2, RSMo 1978.

Because the record is not clear as to what the judges did we discuss the trial court's jurisdiction further. The Missouri trial judge mentioned during the trial that there was an agreement by the parties that his court determine the dispute. In discussing its "Uniform Child Custody Jurisdiction Act", *Smith v. Superior Court of San Mateo County*, 68 Cal.App.3d 457, 137 Cal.Rptr. 348, 352–353 (1977), states that although the parties cannot confer jurisdiction which did not otherwise exist over the "subject matter", the parties' submission to the California court is an "inference" that they considered that the child's family and other ties to the state of California were stronger than another jurisdiction. See also *Palm v. Superior Court of San Diego County*, 97 Cal.App.3d 456, 158 Cal.Rptr. 786, 790 (1979).

■ We question whether such an agreement is conferring "subject matter jurisdiction" as the trial court did have subject matter jurisdiction, as we understand it, over this type of custody matter. "Subject matter jurisdiction" is "the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, that court possesses 'subject matter jurisdiction'."

*Corning Truck & Radiator Service v. J.W.M. Inc.,* 542 S.W.2d 520, 527 (Mo.App. 1976). Nevertheless, as a sufficient basis for the trial court to assume jurisdiction has otherwise been shown, we see no need to lengthen this opinion by further discussing the effect of any agreement.

■ The record belies respondent's contention that the children did not have a significant connection with Missouri and there was not available in Missouri substantial evidence concerning the children's future or present care, protection, training and personal relationships. At the time the proceedings started the children had lived in Missouri longer than California and several Missouri residents testified regarding the children's care, protection, training and personal relationships. The youngest child, a boy, was living in Missouri at the time of the hearing and the oldest child, a girl, had been in Missouri the previous year from June until the end of September. Under the circumstances we cannot say as a matter of law that it would not be in the best interest of the children that Missouri courts assume jurisdiction. Compare *In re Estate of Patterson,* 652 S.W.2d 252, 257 (Mo.App. 1983).

We have determined that a discussion of appellant's remaining contentions would have no precedential value. Each case of this nature is different, of course, and the several changes of condition upon which the modification could be supported, and the principles upon which the other rulings of the trial court sustained, are well established and have been recently discussed by appellate court opinions in this state. The record shows that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence and no error of law appears. Accordingly, we affirm in compliance with Rule 84.16(b).

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.