DOMENGEAUX, Judge.
Appellant-father seeks to have the judgment of the trial court awarding custody of the minor child to his former wife declared a nullity, arguing that the trial court was without jurisdiction. We agree and reverse.
A short procedural history of the case is as • follows: This matter arose out of a petition for change of custody filed by Ruby N. Thomisee, a resident of and domiciled in Natchitoches Parish, Louisiana. Ms. Thomisee, the plaintiff, is the mother of Gregory Doyle Pearson. Billie Joe Pearson, the defendant, a resident of Perry County, Mississippi, is Gregory’s father. On October 20, 1982, in the Chancery Court of Webster County, Mississippi, the marriage between Ms. Thomisee and Mr. Pearson was dissolved by divorce and the custody of the minor child, Gregory, was awarded to Mr. Pearson.
At the time of the filing of this petition for change of custody in the captioned Louisiana Court, Gregory was visiting with his mother in Natchitoches Parish pursuant to visitation rights granted in the previously rendered Mississippi decree.
Pursuant to the filing of the petition in the Tenth Judicial District Court of Louisiana, a Natchitoches Parish attorney was appointed to represent the absentee, Billie Joe Pearson. As curator, the court-appointed attorney filed declinatory exceptions of lack of jurisdiction over the person and over the subject matter and a peremptory exception of no cause or right of action.
A hearing to determine jurisdiction was held on August 19, 1983, and the court overruled all exceptions, assumed jurisdiction, and fixed a rule on the merits for October 18, 1983. On that date, the curator withdrew and new counsel enrolled as retained attorney of record for the absentee-defendant. Additional exceptions of lack of jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (La. R.S. 13:1700 et seq.) were filed by retained counsel and all of the exceptions were readopted as filed by the court-appointed curator.
In the meantime, after learning of the filings by Ms. Thomisee in Natchitoches Parish, the absentee, Billie Joe Pearson, filed pleadings in the Chancery Court of Webster County, Mississippi, to have Ms. Thomisee held in contempt of the Mississippi court order which had awarded the defendant custody of the minor child. These Mississippi proceedings ordered Ms. Thomi-see to return custody of the minor child to Billie Joe Pearson and she did so. Despite the Mississippi proceedings and the Mississippi custody order the Honorable Tenth Judicial District Court retained jurisdiction and awarded custody to Ms. Ruby Thomi-see of Natchitoches, Louisiana, but stayed all proceedings pending appeal of this judgment.
*261 At the present time the child is in Mississippi with his father and this Court is asked to determine if the proceedings of the lower court are valid.
Both Mississippi and Louisiana are signatories to the Uniform Child Custody Act. La.R.S. 13:1700 et seq., Miss.Code Ann. Sec. 93-23-1 et seq. The purpose of the Act is set out in La.R.S. 13:1700.
“Sec. 1700. Purposes of Part; construction of provisions.
A. The general purposes of this Part are to:
(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.
(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child.
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.
(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.
(6) Avoid relitigation of custody decisions of other states in this state insofar as feasible.
(7) Facilitate the enforcement of custody decrees of other states.
(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child, and
(9)Make uniform the law of those states which enact it.
B. This Part shall be construed to promote the general purposes stated in this Section.”
Jurisdiction in these matters is conferred by La.R.S. 13:1702.
“Sec. 1702. Jurisdiction.
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best *262 interest of the child that this court assume jurisdiction.
B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”
Louisiana is not the home state of Gregory Doyle Pearson. He has lived with his father in Mississippi since 1982, i.e., the time of the divorce of his parents. He was present in the State of Louisiana at the time of the institution of these proceedings only because of the visitation privilege granted to Ms. Thomisee.
Only one contestant has significant connection with Louisiana, the mother, the child does not. La.R.S. 13:1702(A)(2)(i). The conjunctive requirement that there be substantial evidence available in this state concerning the child’s care, etc., La.R.S. 13:1702(A)(2)(ii), is also lacking. The substantial evidence concerning Gregory’s care would be the testimony of Mr. Pearson’s neighbors and associates in Mississippi who had observed the child. The only evidence available in Louisiana is the testimony of Ms. Thomisee and her stepfather, which was based on their observations from many years earlier. Nowhere in the record is there convincing evidence that the child is presently being abused. Further, allegations concerning conditions purporting to exist in the home state are more appropriately and conveniently subject to the scrutiny of the courts of the domicile state. Dillon v. Medellin, 409 So.2d 570 (La.1982).
There has been no allegation or showing of abandonment of the child. La.R.S. 13:1702(A)(3)(i). Indeed the father has made every possible effort and has regained the custody of the child.
The only statutory provision which might vest jurisdiction in the Louisiana courts is La.R.S. 13:1702(A)(3) which speaks of a child being physically present in the state and there being an emergency situation. However, the comments to that paragraph in Section 3 Uniform Child Custody Jurisdiction Act, 9 Uniform Laws Ann., Master Edition 124, which is identical with La.R.S. 13:1702(A)(3) notes that the provision:
“Retains and reaffirms parens patriae jurisdiction, usually exercised by a juvenile court, which a state must assume when a child is in a situation requiring immediate protection. This jurisdiction exists when a child has been abandoned and in emergency cases of child neglect. Presence of the child in a state is the only prerequisite.. This extraordinary jurisdiction is reserved for extraordinary circumstances. See application of Lang, 9 App.Div.2d 401, 193 N.Y.S.2d 763 (1959). When there is child neglect without emergency or abandonment jurisdiction cannot be based on this paragraph. (Emphasis added).”
The Louisiana Supreme Court in Dillon, supra has construed this provision as permitting a state otherwise without jurisdiction over a visiting child or his nonresident father, to take jurisdiction in a custody matter only if the immediate needs of the child require. The exercise of this jurisdiction is justified where the child has been abandoned or otherwise mistreated, abused, or neglected. The statute contemplates that conditions in the asylum state and the immediacy of those conditions will provide both the necessity and the justification for the asylum state assuming jurisdiction over a custody matter not otherwise within its province.
Such a situation is not presented by Ms. Thomisee’s petition in the Louisiana courts. There was no proof of the emergency, nor any allegations of abuse or maltreatment of the child such as would allow the Louisiana court to assume jurisdiction because it would be in the best interest of the child. To confer jurisdiction otherwise lacking, there must be a showing of immediate emergency such as abandonment, mistreatment, abuse, or neglect. Dillon, supra.
There is no question that another state, Mississippi, would meet the criteria of the *263 act with regard to jurisdiction. La.R.S. 13:1702(A)(4)(i). Both the child and his father have lived in Mississippi and all evidence concerning the child’s care would be there. Mississippi has not declined jurisdiction, but has in fact accepted it, and has notified both parties of the pendency of proceedings in that state. Since Mississippi has also enacted the Uniform Child Custody Act, its jurisdictional requirements meet those of Louisiana, and Louisiana must defer to the Mississippi courts. Dillon, supra; Eicke v. Eicke, 399 So.2d 1231 (La.App. 3rd Cir.1981), writ denied, 406 So.2d 607 (La.1981).
For the reasons set out above the ruling of the trial court is reversed. All costs of this appeal are cast against plaintiff, Ruby N. Thomisee.
REVERSED.