210 N.J. Super. 522 (1986)
510 A.2d 123
MICHAEL E. POZZI, PLAINTIFF,
v.
DEBORAH A. POZZI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Essex County.
January 31, 1986.
*523 Anthony Rizzo for plaintiff.
Frank Martone for defendant (Shapiro & Martone, attorneys).
*524 RUDD, J.S.C.
Deborah Pozzi makes motion to this court to have physical custody of her two children.
The issue is whether New Jersey is the proper forum under the Uniform Child Custody Jurisdiction Act, N.J.S.A. 2A:34-28 et seq, to determine custody of the children in this case. Second: Are allegations made by Mrs. Pozzi of such a nature as to give New Jersey emergency jurisdiction under N.J.S.A. 2A:34-31a(3)?
Mr. and Mrs. Pozzi were divorced on July 13, 1984 in New Jersey. Physical custody of the two children, Gina, now age four, and Michelle, now age two-and-a-half, was granted to Mrs. Pozzi. Mr. Pozzi was granted visitation on alternate weekends. At the time the parties lived and worked in New Jersey. Shortly thereafter Mrs. Pozzi requested that Mr. Pozzi assume physical custody of the children. Mrs. Pozzi admitted that due to her work schedule and a host of other problems she could not adequately care for the children. This arrangement was reduced to a Consent Order and entered on January 9, 1985. In March 1985 Mr. Pozzi changed jobs, which necessitated a relocation to Florida. Mr. Pozzi requested and received a signed consent form from Mrs. Pozzi allowing him to take the children out of New Jersey and to Florida. Mr. Pozzi settled in Florida with his two children, found a job and established his residence in Florida. In September 1985 Mr. Pozzi consented to let the children visit with Mrs. Pozzi in New Jersey for four months upon the condition that they were to be returned by January 1986.
Mrs. Pozzi refused to return the children to Mr. Pozzi and makes this application for custody of the children. At the time of this motion the children are with their mother in New Jersey.
The Uniform Child Custody Jurisdiction Act (UCCJA), N.J.S.A. 2A:34-28 et seq, was enacted to foster stability in custody awards, promote cooperation with courts of other states, avoid *525 forum shopping and prevent parental kidnapping in child custody matters. See N.J.S.A. 2A:34-29; Neger v. Neger, 93 N.J. 15 (1983). The UCCJA sets out standards and guidelines to determine jurisdiction. N.J.S.A. 2A:34-31, 36. The physical presence of the child within a state is not a prerequisite for jurisdiction nor does the child's presence automatically confer jurisdiction. N.J.S.A. 2A:34-31.b, c.
Mrs. Pozzi asserts that New Jersey is the proper forum to decide whether or not she should have custody of her children and cites N.J.S.A. 2A:34-31.a(1)(i) as controlling. This UCCJA section states that the Superior Court of New Jersey has jurisdiction to modify a child custody decree if New Jersey is the child's home state at the time of the commencement of the proceedings. N.J.S.A. 2A:34-31.a(1)(i). Mrs. Pozzi contends New Jersey is the "home state" where the "proceeding was commenced". She defines the "commencing of the proceedings" as the time and the place where the original complaint for divorce was filed. This interpretation, however, is not supported by the UCCJA nor by New Jersey case law. See N.J.S.A. 2A:34-30.e; L.F. v. G.W.F., 183 N.J. Super. 195 (A.D. 1982).
The UCCJA defines "home state" as the state in which the child immediately preceding the time involved lived with his parents, parent or person acting as a parent for at least six consecutive months. N.J.S.A. 2A:34-30.e. New Jersey, therefore, is not the home state. The children have lived exclusively with Mr. Pozzi in Florida from March to September 1985. This was a period of time spanning six consecutive months wherein Mr. Pozzi and his daughters established and maintained their residence. The fact that Mrs. Pozzi has had the children in New Jersey for the last four months does not reestablish New Jersey as the home state. Florida is the children's home state.
In the instant case, the proceeding which was "commenced" and is meant by the phrase "commencement of the proceedings" is this very motion. See L.F. v. G.W.F., 183 *526 N.J. Super. 195, 202-3 (A.D. 1982). "Common sense is offended by the concept that simply because a case is originally started in this state, all subsequent proceedings between the parties involving the original subject matter should be regarded as commenced here." L.F. v. G.W.F., supra, at 202. Granted the divorce and original custody decree occurred in New Jersey in July 1984; granted that the subsequent giving of physical custody to Mr. Pozzi occurred in New Jersey in January 1985; these actions are not seen as the "commencement of proceedings." The "commencement of proceeding" is the filing of this present application, motion for transfer of custody, which occurred sometime in December 1985.
Case law establishes that a plenary hearing on a matter of child custody is not authorized merely because conclusory allegations are made concerning the existence of an emergency within the meaning of the UCCJA. Judicial discretion, properly exercised, must be interjected and a prima facie case must be presented. See Bengali v. Haveliwala, 197 N.J. Super. 55 (Ch. 1984); Marcrum v. Marcrum, 181 N.J. Super. 361 (A.D. 1981). A plenary hearing, if needed to determine whether Mr. Pozzi is incapable of caring for the children, should be held in Florida if that jurisdiction finds it necessary. The children's future care, protection, training and personal relationships can be readily tested in a Florida court. See N.J.S.A. 2A:34-31.a(2).
This court, additionally, declines jurisdiction in this matter under the unclean hands provision of the UCCJA, section 34-36. This section states that if a petitioner has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances. N.J.S.A. 2A:34-31.a. The court shall not exercise its jurisdiction to modify a custody decree if the petitioner has improperly retained the child after a visit or other temporary relinquishment of physical custody. N.J.S.A. 2A:34-36.b. This court rules that Mrs. Pozzi's conduct is reprehensible under the circumstances *527 and as defined by the statute. Mr. Pozzi accepted physical custody of the children in January 1985 because Mrs. Pozzi admittedly could not care for the children. He took them into his care like any good father would. A job change necessitated a change of residence to Florida. He approached Mrs. Pozzi and asked her if it would be all right to move the children with him to Florida. She signed an agreement allowing him to do so. After establishing himself and securing a stable environment for his children in Florida, in September 1985, he allowed his children to visit their mother for four months on the condition they would be returned to him. Now Mrs. Pozzi is refusing to return the children; she is improperly retaining the children past the visitation period.
Mrs. Pozzi cannot have the protection she seeks from this New Jersey court. Mrs. Pozzi's application is denied. New Jersey is not the proper forum for this custody action. The action should be instituted in the Florida courts.
Motion Denied.