**STATE of Missouri, ex rel. June Lloyd LAWS, Relator,**

v.

**The Honorable Clinton K. HIGGINS, Associate Circuit Court Judge Dade County, Missouri, and the Honorable David Darnold, Judge of the Circuit Court of Dade County, Missouri, Respondents.**

**No. 15130.**

Missouri Court of Appeals, Southern District, Division Two.

July 28, 1987.

Lynn E. Heitman, Springfield, for relator.

Christopher J. Stark, Springfield, for respondents.

## ORDER MADE ABSOLUTE

MAUS, Judge.

In this action in prohibition, the relator seeks to bar the respondents from proceeding upon her former husband's motion to modify a decree placing their three children in her custody. The respondents are the circuit judge and the associate circuit judge of Dade County. The following is an outline of the relevant facts established by the record.

Relator and Steven J. Lloyd were married in Utah. They became the parents of Matthew Lloyd, born September 19, 1970, Brian Lloyd, born August 2, 1973, and Andrea Lloyd, eight years of age at the time of the hearing in question. The parties' marriage was dissolved on August 28, 1982, by a decree of the District Court of the First Judicial District of Wyoming. The parties were then residents of Wyoming. That dissolution decree placed the children in the custody of the relator, subject to specified visitation with the father. That visitation included "six consecutive weeks during the summer months."

Soon after the dissolution, relator and the children moved to Utah. Since that time, with the exception of the boys' visitation with their father in Missouri, as hereafter outlined, the relator and the three children have lived in Utah. Also soon after the dissolution, the father moved to Missouri. At least at the times relevant to the issues herein, he has resided in Dade County. Relator and the father have each married another spouse.

On June 3, 1986, Matthew and Brian came to Missouri for visitation with their father. Prior to that they had visited in Missouri only one time. The relator and the father had agreed that the visitation period was extended to eight weeks. On July 14, 1986, the father filed in the Circuit Court of Dade County his motion to modify the Wyoming dissolution decree by placing Matthew and Brian in his custody. Out state service was had on the relator on July 28, 1986. On August 18, 1986, the relator filed her verified motion to dismiss the motion to modify. The motion to dismiss denied the bases for jurisdiction in the Circuit Court of Dade County alleged in the motion to modify. It further alleged:

That the children are physically present in the State of Missouri because their custody is being wrongfully withheld from their custodial parent by the petitioner who has unlawfully refused to return physical custody to the legal custodian following the children's temporary visitation; that the children have not been abandoned and that the respondent has demanded that they be returned immediately to her care and custody but that the petitioner has refused, without just cause or grounds, to do so.

The motion to dismiss also prayed for the relator's costs and expenses, including travel expenses and attorney's fees.

In August or September the relator came to Missouri to return Matthew and Brian to Utah. She was unsuccessful. She and the father then entered into a Stipulation For Temporary Custody. That agreement recited that the relator agreed it would be in the best interests of the children for the parties to come to a mutual agreement with respect to the children's custody and avoid litigation. It provided that temporary custody of the children would be vested with the father until the completion of the first semester of school, when the condition and circumstances of the children would be reevaluated and "further action taken as is necessary regarding permanent custody." The agreement further provided that the relator had filed a motion to dismiss the father's motion to modify and that she did not agree that the Circuit Court of Dade County had jurisdiction to make any determination regarding custody of the children.

Relator's motion to dismiss was heard on February 2, 1987, before the circuit judge. Relator appeared by counsel. The father appeared by counsel and in person. Over objection by the relator, the father testified. See Rule 55.28. That testimony included the following. He testified to the

general circumstances of the boys' visitation. That after he bought tickets for the boys' return to Utah, the relator by telephone advised him not to return Matthew. She added that if he was returned, she would put him in a foster home. He testified that when the relator came to Missouri the boys refused to return to Utah with her. He admitted that in respect to Brian "I said I think he should stay here and I did put some pressure on him."

The matter was taken under advisement. On February 17, 1987, the court, without any findings of fact, entered an order overruling relator's motion to dismiss. Thereafter the cause was assigned to the respondent associate circuit judge.

The decisive issue is whether or not the Circuit Court of Dade County had jurisdiction to modify the Wyoming decree. That issue is governed by the Uniform Child Custody Jurisdiction Act as adopted in Missouri, §§ 452.440 to 452.550. Those provisions are to be construed and applied in the light of the purposes of the Uniform Act as declared therein and in the commissioners' notes. See *Mondy v. Mondy*, 428 So.2d 235 (Fla.1983). "Some of these purposes were the avoidance of jurisdictional competition and conflict, cooperation among state courts, and the deterrence of abduction and other unilateral removals of children." *Allen v. Allen*, 64 Hawaii 553, 645 P.2d 300, 304 (1982). While the same is not directly applicable to this case, the policy of the Federal Parental Kidnapping Act, 28 U.S. C.S. § 1738A should be considered. For an excellent discourse on the subject see Krauskopf, Child Custody Jurisdiction Under the UCCJA, 34 Mo.Bar J. 383 (1978).

■ As stated, the trial court made no findings upon the basis of which it assumed jurisdiction of the motion to modify. That motion does not allege the Circuit Court of Dade County is a court of the home state of the children within the meaning of § 452.450.1(1). When controverted, conclusory allegations of an emergency do not demand a plenary hearing upon the matter of custody. *Pozzi v. Pozzi*, 210 N.J.Super. 522, 510 A.2d 123 (1986). It has further been said "when the record shows

that the parent seeking modification of a custody order of another state has improperly retained the child after a visit, the law does not allow a district court in this state to exercise its jurisdiction to modify the order absent findings of fact in support of the conclusion that the interests of the child requires it to do so." *Bryan v. Bryan*, 66 N.C.App. 461, 311 S.E.2d 313, 315 (1984). That requirement is for findings of specific facts and is not satisfied by conclusory recitations. *Jerson v. Jerson*, 68 N.C.App. 738, 315 S.E.2d 522 (1984); *Brooks v. Brooks*, 20 Ore.App. 43, 530 P.2d 547 (1975). In view of the purposes of the act, it is a salutary requirement for the trial court to make findings of fact concerning the basis alleged for its jurisdiction. Cf. *Baker v. Ashburn*, 179 Ga.App. 757, 347 S.E.2d 660 (1986).

■ Nonetheless, this court will examine the record to determine if there was a basis for the court's assumption of jurisdiction of the motion to modify. That jurisdiction has been challenged by a verified motion before judgment. There is no presumption to establish jurisdiction. Cf. *Kilgore v. Kilgore*, 666 S.W.2d 923 (Mo.App.1984). The burden of proof to establish a prima facie basis of jurisdiction is upon the one asserting that jurisdiction. *In Re Marriage of Olive*, 340 N.W.2d 792 (Iowa App.1983). Cf. *Health Related Services, Inc. v. Golden Plains*, 705 S.W.2d 499 (Mo.App.1985); *Pozzi v. Pozzi*, supra.

■ Again, as noted, the respondents do not contend Missouri was the home state of the children. In fact, the record demonstrates that the mother and children had resided in Utah much longer than six months before the motion to modify was filed. Utah was the home state of the children. § 452.445(4); *Mace v. Mace*, 215 Neb. 640, 341 N.W.2d 307 (1983); *Brauch v. Shaw*, 121 N.H. 562, 432 A.2d 1 (1981); *Mayoff v. Robin*, 115 A.D.2d 524, 496 N.Y. S.2d 54 (1985); *Adriance v. Adriance*, 329 Pa.Super. 168, 478 A.2d 16 (1984). However, this does not per se establish the trial court had no jurisdiction. Under the Act, there could be an alternative jurisdiction. *Allen v. Allen*, supra; *In Re Marriage of*

*Olive,* supra; *Adriance v. Adriance,* supra.

The respondents contend the trial court had jurisdiction upon the basis of § 452.450.1(3)(a)(b). That subsection provides:

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or....

■ However, the trial court could not have determined it had jurisdiction of the children because they were abandoned. Such a basis is not established by the father's testimony of the mother's telephone admonition not to return Matthew. The motion to modify was filed well in advance of the time the father was obligated to return the boys. The only evidence concerning Brian is that the father put pressure on him not to return.

Further, there was no evidence or even an allegation that an "emergency" existed as the term is used in § 452.450.1(3)(b).

The next alternative ground for jurisdiction requires the child be physically present in the state and be abandoned or require emergency protection because of mistreatment, abuse or neglect.... This section is appropriate only where a court would assume jurisdiction under the doctrine of parens patriae because the child is without proper care, custody or support and, thus, needs immediate protection.

*In Re B.R.F.,* 669 S.W.2d 240, 247 (Mo.App. 1984). Cf. *Thomisee v. Pearson,* 465 So.2d 259 (La.App.1985) and *Schoeberlein v. Rohlfing,* 383 N.W.2d 386 (Minn.App.1986).

To establish jurisdiction, the respondents place their greatest reliance upon § 452.450.1(2)(a)(b) which provides:

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or ....

■ To so establish jurisdiction they emphasize evidence they contend demonstrates that it is in the boys' best interests they be placed in the custody of their father. They cite the boys' Missouri home life, their school records, and their wishes to live with their father. This emphasis tends to obfuscate the decisive issue. The phrase "best interest of the child" as used in § 452.450.1(2) does not refer to a choice of a parent, but to a choice of a forum. "The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state." *Mace v. Mace,* supra, 341 N.W.2d at 312. Also see *Aldridge v. Aldridge,* 326 Pa.Super. 49, 473 A.2d 602 (1984). "Section 653(1)(b) does not authorize consideration of the relative fitness of the parents for the best interest of the child; that is a substantive matter to be determined *after* jurisdiction to hear the case is established." *Bivins v. Bivins,* 146 Mich.App. 223, 379 N.W.2d 431, 435 (1985) (emphasis in original).

■ "The general rule is that a court's acquisition of jurisdiction over a case depends on the facts existing at the time its jurisdiction is invoked." 20 Am.Jur.2d Courts § 142 (1965). This general principle is expressly stated in the statute in respect to home state jurisdiction. § 452.450.1(1); *In Re Marriage of Welsh,* 714 S.W.2d 640 (Mo.App.1986); *Bullard v. Bullard,* 647 P.2d 294 (Hawaii App.1982); *Matter of R.J.G.,* 107 Wis.2d 704, 321 N.W.2d 354 (1982). It is likewise applicable to the determination of the existence of jurisdiction under § 452.450.1(2). "There is nothing in the act which would indicate that jurisdictional requirements may be established during the pendency, as opposed to the commencement, of the proceedings." *Bull v. Bull,* 109 Mich.App. 528, 311 N.W.2d 768, 774 (1981). Also see *Bivins v. Bivins,*

supra; *Mayoff v. Robin*, supra; *Peloso v. Botkin*, 144 Vt. 461, 479 A.2d 156 (1984).

▮ In this connection, it is essential to consider the sense in which the term jurisdiction is used in decisions applying the Act. The term jurisdiction bears several different meanings.

> It is said that the jurisdiction of a court to adjudicate a controversy rests on three essentials: (1) jurisdiction of the subject matter; (2) jurisdiction of the res or the parties; (3) and jurisdiction to render the particular judgment in the particular case.... The first two are the grand subdivisions of jurisdiction. Jurisdiction of the subject matter is derived from the law and cannot be conferred by consent. Jurisdiction over the person may be waived because it is a personal privilege.

*State ex rel. Lambert v. Flynn*, 348 Mo. 525, 154 S.W.2d 52, 57 (banc 1941). The authority of a court under the Act to hear a particular "custody determination" is often characterized as jurisdiction of the subject matter. *Bullard v. Bullard*, supra; *Mace v. Mace*, supra; *Grynkewich v. McGinley*, 3 Conn.App. 541, 490 A.2d 534 (1985); *Aldridge v. Aldridge*, supra; *Matter of R.J.G.*, supra. It has been held that such jurisdiction may not be established by the voluntary submission of the parents. *In Re Marriage of Olive*, supra. Further, that the absence of such jurisdiction cannot be waived and may be raised at anytime. *Campbell v. Campbell*, 180 Ind.App. 351, 388 N.E.2d 607 (1979).

The Circuit Court of Dade County does, in a general sense, have jurisdiction over custody determinations. Cf. *In re Marriage of Neal*, 699 S.W.2d 92 (Mo.App. 1985). Whether or not it has jurisdiction to hear the father's motion to modify is a question of jurisdiction over a particular custody determination. Cf. *In re Marriage of Panich*, 672 S.W.2d 718 (Mo.App.1984).

However, in considering the jurisdiction of the circuit court, it has been said

> [b]ut the third essential, jurisdiction to render the particular judgment in the particular case (sometimes called 'competency'), partakes of the character of one

or the other of the first two. Where the lacking element of jurisdiction goes to the personal privilege of the litigant, it may be waived. But when it depends on the power of the court under a public policy established by statute or otherwise, it cannot be waived.

*State ex rel. Lambert v. Flynn*, supra, 154 S.W.2d at 57. Cf. *State ex rel. King v. Kinder*, 690 S.W.2d 408 (Mo. banc 1985). When the jurisdiction of a court to hear a particular custody determination has been directly attacked, as in this case, public policy requires that the issue of the jurisdiction of that court be accorded the characteristics cited above. *Craighead v. Craighead*, 710 S.W.2d 501 (Mo.App.1986).

▮ When the motion to modify was filed, the only contact of the boys with this state was limited to visitation with their father for a period of approximately six weeks. This does not constitute a significant connection with this state within the meaning of § 452.450.1(2)(a). "Does a child have a 'significant connection with this state' simply because (1) a parent lives in Kansas, (2) the child has visited the parent, and (3) the child is here when the parent files an action for change of custody? We think not." *Bills v. Murdock*, 232 Kan. 237, 654 P.2d 406, 410 (1982). Also see *Mayoff v. Robin*, supra; *Mondy v. Mondy*, supra; *Thomisee v. Pearson*, supra. It is obvious that there was not available in this state the substantial evidence referred to in § 452.450.1(2)(b). *Schoeberlein v. Rohlfing*, supra; *Peloso v. Botkin*, supra. The act of the relator in signing the stipulation for temporary custody did not vest the circuit court with jurisdiction. Nor did her act in filing an answer or her consent to an abatement of child support. *Craighead v. Craighead*, supra.

▮ It is unfortunate the absence of jurisdiction in the Circuit Court of Dade County was not sooner established. That cannot alter the result. The case stems from the father retaining custody after the expiration of a period of visitation. That abuse was a "target" of the Act. See *Krauskopf*, supra, at 388. "The drafters of the Uniform Child Custody Jurisdiction

Act (UCCJA) sought to discourage failure to return children after visitation." *Schoeberlein v. Rohlfing, supra,* 383 N.W.2d at 388. Unlawful retention following a period of temporary lawful custody is a criminal offense. § 565.150. "The purpose of the new statute is to protect all court ordered custody against unlawful interferences." *State v. Edmisten,* 674 S.W.2d 576, 577 (Mo.App.1984). The Circuit Court of Dade has no jurisdiction to make a custody determination upon the basis of the pending motion. Cf. *Mondy v. Mondy, supra; Barnes v. Ostrander,* 450 So.2d 1253 (Fla. App.1984); *Schoeberlein v. Rohlfing, supra; Thomisee v. Pearson, supra; Jerson v. Jerson, supra; Bryan v. Bryan, supra.*

Subject to the actions hereinafter specified, the preliminary order in prohibition is made absolute. The Circuit Court of Dade County is barred from any further action upon the pending motion to modify except to determine relator's request for fees and expenses (§ 452.475) and to dismiss said motion because said circuit court is an inappropriate forum for its determination.

PREWITT, P.J., concurs and files concurring opinion.

HOGAN and FLANIGAN, JJ., concur.

PREWITT, Presiding Judge, concurring.

I concur fully with the majority opinion. I write only to state that I do not agree with the cases cited there saying that authority under the Uniform Child Custody Jurisdiction Act to hear a particular dispute relates to jurisdiction of the subject matter.

Subject matter jurisdiction does not turn upon a specific case. It is authority to determine the general question involved; if a petition states a case belonging to a general class over which the authority of the court extends, that court has "subject matter jurisdiction". *In re Marriage of Neal,* 699 S.W.2d 92, 94 (Mo.App.1985). See also *In re Marriage of Panich,* 672 S.W.2d 718, 720 (Mo.App.1984) (questioning whether an agreement that a court deter-

mine a dispute under the UCCJA is conferring subject matter jurisdiction).