George S. ELBERT, Sr., Plaintiff–Respondent,

v.

Cylee ELBERT, Defendant–Appellant.

Nos. 60989, 61049.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 21, 1992.

McIlroy and Millan, William C. McIlroy, Bowling Green, for plaintiff-respondent.

Paul R. Williams, Bowling Green, for defendant-appellant.

SIMON, Judge.

Cylee Elbert, appellant, a resident of the state of Ohio, appeals a decree modifying an Ohio divorce decree in favor of respondent, George S. Elbert, Sr. On appeal, appellant contends that the trial court erred in: 1) holding that §§ 452.440–452.-550 R.S.Mo. (1986) (all further references shall be to R.S.Mo.1986 unless otherwise noted) was a grant of jurisdiction over the person of the non-resident appellant; 2) subjecting appellant to jurisdiction within this state without sufficient facts alleged in the petition to support a reasonable inference that appellant's acts fell into one of the categories enumerated in Missouri's long-arm statute and that such acts constitute sufficient minimum contacts with the state of Missouri. We reverse and remand with directions to dismiss.

Respondent has filed a motion to dismiss this appeal for appellant's failure to file the transcript. Appellant has filed only the legal file as the record on appeal. Further, appellant's brief does not fully comply with Rule 81.12(d). Appellant has the duty to provide a record containing the necessary information upon which we can rule with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion. *Paull v. Paull,* 819 S.W.2d 68, 73 (1991). Here, we are able to reach such a conclusion. Respondent's motion is denied.

The record reveals that on April 13, 1982 the Court of Common Pleas in Franklin County, Ohio, Division of Domestic Relations, entered a decree dissolving the marriage of appellant and respondent, awarding custody of their son to appellant and ordering respondent to pay child support. In April of 1991 the son, then aged 17 years, came to Missouri to reside with respondent. On June 20, 1991 respondent filed a motion in the Circuit Court of Pike County, Missouri to modify the Ohio Decree. The motion alleged § 452.450 as the basis of the trial court's jurisdiction to modify custody and support. The motion further alleged that the child was present in Missouri after being "forcefully removed" from his home in Ohio by appellant, that he was "essentially 'kicked out' " of appellant's home, the child had been abandoned, and it is in the best interest of the child for the trial court to assume jurisdiction. Summons for personal service outside the State of Missouri was issued that date directed to the Sheriff of Franklin County, Ohio. A return of same was filed in the Circuit Court of Pike County, Missouri, on August 1, 1991, showing personal service on appellant July 12, 1991. Appellant did not file a responsive pleading. On September 6, 1991 a hearing was held, neither appellant nor counsel on her behalf appeared. A decree was entered by the trial court changing custody of the son from appellant to respondent; and ordering

appellant to pay child support in the amount of $340.00 per month, attorney fees in the amount of $750.00, and court costs. In its order the trial court found that:

"Pursuant to [§] 452.450, Uniform Child Custody Act of the State of Missouri, the Circuit Court of Pike County, Missouri, ... has jurisdiction to decide the child custody matters and child support matters pursuant to the statute of the Uniform Child Support Custody Act, and that it is the home state of the child to commence with the action."

On September 24, 1991 appellant filed a motion to set aside the decree and to dismiss for lack of in personam jurisdiction, as to the child support and other monetary obligations, based on the lack of minimum contacts with this state. Appellant made no allegation as to the custody of her son. Her motion was denied by the trial court on October 4, 1991. In its order denying appellant's motion to set aside the decree the trial court found that: there were allegations in the petition to confer jurisdiction, citing § 452.450.1(1)(3) and (4); notice to appellant pursuant to § 452.460; and under the definition of custody determination contained in § 452.445(1), a court can enter a judgment of custody if § 452.460 has been complied with. The trial court also determined that if it had jurisdiction to make a custody determination it also has the right to adjudicate the issue of child support, citing § 452.445(1).

In her points, appellant challenges the trial court's in personam jurisdiction to enter a money judgment, but does not challenge the trial court's award of custody. The trial court based its jurisdiction upon the Uniform Child Custody Jurisdiction Act (UCCJA). The relevant statutes provide in pertinent part:

Section 452.445. **Definitions**

As used in sections 452.440 to 452.550

(1) **"custody determination"** means a court decision and court orders and instructions providing for the custody of a child, including visitation rights. This term does not include a decision relating to child support or any other monetary obligation of any person; but the court shall have the right in any custody determination where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support;

.    .    .    .    .

Section 452.450. **Jurisdiction**

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because: (a) the child and his parents or the child and at least one litigant, have a significant connection with this state; and (b) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

.    .    .    .    .

Section 452.460. **Notice to persons outside this state—submission to jurisdiction**

1. The notice required for the exercise of jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be given in any of the following ways:

(1) By personal delivery outside this state in the manner prescribed for service of process within this state;

. . . . .

▪ The trial court's jurisdiction under §§ 452.440—452.550, to hear a custody determination is often characterized as jurisdiction of the subject matter. *State ex. rel. Laws v. Higgins,* 734 S.W.2d 274, 279[8] (Mo.App.1987). Subject matter jurisdiction may be raised at any time, may not be waived, and may not be conferred by consent of the parties. Id. at 279[8]. The circumstances upon which the trial court bases its jurisdiction must exist at the time the jurisdiction of the court is invoked. Id. at 278[7]. Though not raised by a party, subject matter jurisdiction may be examined by this court sua sponte. *In Interest of D.L.D.,* 701 S.W.2d 152, 156[1] (Mo.App.1985).

▪ As to personal jurisdiction for the purpose of rendering a money judgment, the subject of appellant's points on appeal, § 452.445(1) provides that where jurisdiction is had pursuant to § 452.460, and it is in the best interest of the child, the trial court may adjudicate the issue of child support in addition to any custody determination. This child support provision is not found in UCCJA § 2(2), 9 U.L.A. 135 (1988) upon which § 452.445(1) is based. This provision appears to be unique to Missouri. Although § 452.445(1) provides for jurisdiction to adjudicate child support in addition to custody, for the trial court to exercise personal jurisdiction over a non-resident party the acts of the non-resident party must constitute sufficient minimum contacts with the state to satisfy due process requirements. *Medicine Shoppe International, Inc. v. J-Pral Corp.,* 662 S.W.2d 263, 271[14] (Mo.App.1983). This due process requirement is applicable in child support matters and requires that the party, against whom a money judgment is to be rendered, must "purposefully avail himself of the privilege of conducting activities within the forum state." *Kulko v. Superior Court of California, etc.,* 436 U.S. 84, 94, 98 S.Ct. 1690, 1698[9], 56 L.Ed.2d 132 (1978).

Considering the transitory nature of child custody and support and the purposes underlying the enactment of the UCCJA, it is apparent that the UCCJA possesses long arm jurisdictional characteristics. Therefore, it is reasonable to conclude that a party seeking to impose jurisdiction on a non-resident party must state sufficient facts in his petition to support a reasonable inference that the non-resident party can be subjected to jurisdiction within the state. *Landoll by Landoll v. Dovell,* 779 S.W.2d 621, 625[1] (1989).

▪ In its order the trial court found that Missouri was "the home state of the child to commence the action." Pursuant to § 452.450.1(1) the trial court's jurisdiction is based upon Missouri being the home state of the child. Section 452.445(4), defining "home state", provides that the child must have resided in Missouri for six consecutive months immediately preceding the filing of the custody proceeding. The petition alleges that the child, age 17, came to Missouri in April of 1991. The motion to modify was filed on June 20, 1991. Since the child had resided in Missouri for less than six months preceding the filing of the petition, § 452.450.1(1) is not a basis for jurisdiction.

▪ Further, § 452.450.1(3) bases the trial court's jurisdiction on the child being physically present in this state, and has been abandoned or it is necessary in an emergency to protect the child. This particular jurisdictional basis is usually exercised by a juvenile court where the state assumes parens patriae jurisdiction when the child is in a situation requiring immediate protection. Comment, UCCJA § 3, 9 U.L.A. 145 (1988). In *Piedimonte v. Nis-*

**888**

*sen,* 817 S.W.2d 260, 267[8–9] (Mo.App. 1991), our Western District Court noted:

> The exercise of the parens patriae power to make a child custody determination under these provisions is limited to cases of grave emergency affecting the immediate welfare of the child. It is justified only where the harm from the neglect is immediate or imminent. This special emergency power to protect the child, moreover, confers a temporary jurisdiction only. It does not empower the state to make a permanent custody disposition, or to modify the decree of a court with continuing jurisdiction. Where the evidence shows that an imminent physical or emotional danger awaits the child upon return to the custodial parent, the court may exercise its parens patriae jurisdiction by temporary protective order to preserve the status quo for such limited time as will enable the petitioner to apply for permanent custody in the state with regular jurisdiction under the UCCJA. (citations omitted)

Therefore § 452.450.1(3) is not a basis for jurisdiction.

■ Section 452.450.1(4) provides for jurisdiction if no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3) or another state has declined jurisdiction on the ground that Missouri is the more appropriate forum to determine custody. Respondent's motion to modify alleges that the original decree was issued by an Ohio court and the appellant is a resident of Ohio. The state of Ohio had subject matter jurisdiction at the time of the entry of the original decree and the petition does not contain any allegation that it has declined jurisdiction in favor of Missouri. There is nothing in the record to establish this section as a basis for jurisdiction.

■ As we are reviewing jurisdiction on our own motion, we shall examine § 452.-450.1(2) as a basis for jurisdiction, even though this section was not cited by the trial court in its order overruling appellant's motion to set aside the default judgment. Respondent's motion to modify fails to allege sufficient facts to establish that the child and his parent, the respondent, have sufficient connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

Since we have determined that the trial court lacked subject matter jurisdiction it is not necessary to address appellants points an appeal.

Judgment reversed and remanded with directions to dismiss.

CARL R. GAERTNER, P.J., and SATZ, J., concur.