Anthony SARKIS and Patricia
Sarkis, Respondents,

v.

**DIRECTOR OF REVENUE STATE
OF MISSOURI, Appellant.**

No. 71708.

Missouri Court of Appeals,
Eastern District,
Division One.

June 10, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald D. Pridgin, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

---

W. Bevis Schock, St. Louis, for respondents.

DOWD, Presiding Judge.

Director of Revenue ("Director") appeals from the order of the Circuit Court of St. Louis City setting aside 1) the suspension of Respondent Patricia Sarkis' driving privileges, and 2) the suspension of the vehicle registration of both Respondent Patricia and Anthony Sarkis, for failing to carry liability insurance, § 303.025, RSMo 1994.[1] We reverse.

On July 22, 1995, Respondents were involved in an automobile accident. Patricia was driving a vehicle that she and Anthony owned. Respondents did not have liability insurance on this vehicle, as required under § 303.025. Director notified Respondents of the suspensions by letter on January 26, 1996.

Respondents requested a hearing before the Administrative Hearing Section of the Department of Revenue. At the hearing, Respondents appeared by affidavit in which they admitted that they did not have insurance at the time of the accident. The Administrative Hearing Officer upheld the suspensions.

Respondents petitioned for judicial review. The circuit court voided the suspensions because Director failed to deliver the administrative case file to Respondents. No transcript was made of the proceedings.

■ On appeal, we review the circuit court's decision to see whether there is evidence to support it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Diehl v. Director of Revenue*, 836 S.W.2d 94, 95 (Mo. App. E.D.1992).

■ Director contends that the circuit court erred in setting aside the suspensions. Respondents' own affidavits show they violated § 303.025, a strict liability statute, and thus, suspension was mandatory. We agree.

■ The circuit court based its ruling on Director's failure to provide the administra-tive case file to Respondents. While it is the Director's responsibility to produce the administrative record, this record must merely be filed with the court. *Kinder v. Director of Revenue*, 895 S.W.2d 627, 630 (Mo.App. E.D. 1995). There is no requirement that the record be provided directly to Respondents. Director met her burden simply by filing the administrative record with the circuit court.

■ We note that the court's failure to preserve the record as required by § 512.180.2 normally mandates a remand. However, on the particular facts of this case, we believe reversal is the more appropriate remedy. Appellant has the duty to provide a record containing the necessary information upon which we can rule with reasonableness, fairness and accuracy. *Elbert v. Elbert*, 833 S.W.2d 884, 885 (Mo.App. E.D.1992). Here, Director requested a transcript of the proceeding before the circuit court, and was told by the circuit court clerk that no transcript existed. In this case, the legal file provides enough information to enable us to reach a reasonable, fair and accurate conclusion.

The record unequivocally shows that Respondents failed to maintain financial responsibility, as required under § 303.025. Respondents admit, via affidavit, that they did not have liability insurance on the date of the accident. Further, Respondents did not produce any evidence to the contrary.

The order of the circuit court voiding the suspension is reversed.

REINHARD and GARY M. GAERTNER, JJ., concur.