**In re the MARRIAGE OF Beverly Jean McFADDEN and Vincent Michael McFadden**

**Upon the Petition of Beverly Jean McFadden, Petitioner-Appellee,**

**And Concerning Vincent Michael McFadden, Respondent-Appellant.**

No. 85–268.

Court of Appeals of Iowa.

Nov. 26, 1985.

John J. Carlin, Davenport, for respondent-appellant.

C. J. Munson of Munson Law Office, Bettendorf, for petitioner-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Respondent husband appeals from a district court order which sustained petitioner wife's jurisdictional challenge to his application for order to show cause why she should not be held in contempt for violating various orders in this dissolution of marriage action. He asserts (1) that petitioner wife waived her jurisdictional challenge by joining with it a request for affirmative relief; and (2) that service of notice of the application on petitioner wife by sending her a copy via restricted certified mail and by giving a copy to her attorney, both as ordered by the district court, was consistent with due process. We reverse and remand for further proceedings.

The marriage of petitioner Beverly Jean McFadden and respondent Vincent Michael McFadden was dissolved in 1978. The dissolution decree set up a joint custody arrangement; it gave Beverly physical care of the parties' minor children and allowed Vincent visitation.

In 1984, Vincent filed an application for modification of the dissolution decree; he asked that he be given sole custody of the parties' remaining minor child, Karrie, because Beverly had violated his visitation rights. Vincent also filed an application for order to show cause why Beverly

should not be held in contempt for violating orders which required her to provide him with her address and phone number, pay half of the transportation costs for his visitation, and pay $100 toward the attorney fees he had incurred because of her previous failures to comply with the dissolution decree.

The district court scheduled a hearing on both applications; it directed Vincent to serve notice of the applications on Beverly by sending her a copy of each via "restricted certified mail, deliver to addressee only" at her last known address and by giving a copy of each to her attorney. Vincent did so.

Beverly subsequently filed a "Resistance to Order to Show Cause"; in it, she 1) challenged the district court's jurisdiction, claiming there was improper service of notice; 2) denied the factual allegations Vincent made in the application; and 3) asked for attorney fees and transportation costs.

Beverly also filed a special appearance, challenging the personal and subject matter jurisdiction of the court to hear and determine a change in custody. In the alternative she asked the court to decline to exercise jurisdiction since it was an inconvenient forum.

Following a hearing, the trial court determined it did not have jurisdiction over the contempt action since service of process was inadequate. With respect to the custody modification, the court found it had jurisdiction but it declined to exercise it, reasoning that Florida was a more appropriate forum. Vincent has appealed.

**I. Application for Order to Show Cause.** Vincent claims on appeal that the trial court erred in concluding that it did not have personal jurisdiction over the contempt action. Specifically, he argues that Beverly waived her jurisdictional challenge by joining it with a request for relief on the merits. We agree.

Pursuant to Iowa Rule of Civil Procedure 66, a party may appear specially for the sole purpose of attacking the jurisdiction of the court. However, if the appearing party requests relief or discloses a purpose beyond the jurisdictional challenge, "the appearance will be considered general, and all jurisdictional challenges will be deemed waived." *In re Estate of Dull,* 303 N.W.2d 402, 407 (Iowa 1981).

In determining whether a given appearance is special or general we look to the substance of the appearance rather than its form and base our determination upon the purpose of the appearance and the type of relief requested. *Id.*

█ In the present action, Beverly's "resistance" contains matters beyond her challenge concerning personal jurisdiction. She specifically disputes allegations contained in Vincent's application for order to show cause and claims the application is "spurious and frivolous." Since Beverly chose to address the merits of the case, we hold that the "resistance" constitutes a general appearance, and the jurisdictional challenge is deemed waived.

Accordingly, we reverse the trial court's determination that it lacked personal jurisdiction over Vincent's Application for Order to Show Cause and remand for further proceedings concerning the application.

**II. Application for Modification.** Although the issue was not raised on appeal, in our de novo review of this case we consider the propriety of the trial court's refusal to exercise jurisdiction over the Application for Modification. *See In re Marriage of Hubbard,* 315 N.W.2d 75, 77 (Iowa 1982).

█ The record reflects that the parties' child, Karrie, has resided with Beverly since the dissolution. They lived in Tennessee for almost two years and now live in Florida.

Although Karrie has not resided in Iowa for over three years, this factor alone does not deprive the court or jurisdiction. In *In re Marriage of Olive,* 340 N.W.2d 792, 795 (Iowa Ct.App.1983), our court specifically recognized that exclusive continuing jurisdiction is not affected by the child's resi-

dence in another state for six months or more.

Although the new state becomes the child's home state, significant connection jurisdiction continues in the state of the prior decree where the court record and the other evidence exists and where one parent or another continues to reside. *Id.; see also Hubbard,* 315 N.W.2d at 79 (a built-in jurisdictional bias in favor of the decretal state is a feature of the UCCJA).

This case is within the purview of *Olive.* In order to achieve greater stability with respect to the custody arrangement, the trial court should have exercised jurisdiction over the parties and the subject matter, rather than defer to Florida.

We therefore remand for further proceedings concerning the Application for Modification.

REVERSED AND REMANDED.

SCHLEGEL, J., concurs.

DONIELSON, P.J., dissents.

DONIELSON, Presiding Judge (dissenting).

I respectfully dissent.

Karrie has resided exclusively with Beverly since the dissolution and they lived in Tennessee from July 19, 1982, until May 1, 1984, and since that time have lived in Florida. Karrie has not lived in Iowa for over three years. Based on these facts, I conclude the trial court's decision not to exercise subject matter jurisdiction pursuant to section 598A.3(1)(b) (child's connection with this state and availability of evidence in this state regarding the child's present or future care and development) and 598A.7 (forum non-conveniens) is supported by the record.

The majority relies primarily upon *In re Marriage of Olive* in determining that Iowa, not Florida, should have jurisdiction. *Olive* contained three factors to consider in determining whether the child's former home state keeps continuing jurisdiction, namely if: (1) court records are in such state; (2) other evidence exists in such state; and (3) one parent continues to re-side in such state. While the father still lives in Iowa and the court records are in Iowa, there is no "other evidence" which exists in Iowa. All the other evidence regarding the child's present and future development is in Tennessee and Florida. I feel that because all the evidence relevant to the child's development, which is our primary task, is outside of Iowa that Iowa should abstain from exercising jurisdiction even though some of the *Olive* factors are present. A better result would be reached if Florida determined issues regarding Karrie's best interests.