In re MARRIAGE OF Caryl Marie
McEVOY and James M. McEvoy.

Upon the Petition of Caryl Marie
McEvoy, Petitioner–Appellee,

And Concerning James M. McEvoy,
Respondent–Appellant.

No. 86-1124.

Court of Appeals of Iowa.

Aug. 26, 1987.

Eric Borseth of Wright, Wright & Borseth, Des Moines, for respondent-appellant.

David R. Gault, Des Moines, for petitioner-appellee.

Considered by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Respondent, James McEvoy, appeals from the district court decision sustaining the special appearance of petitioner, Caryl Marie McEvoy, and dismissing respondent's application for declaratory judgment, specific performance, and modification of decree. The only issue on appeal is whether the district court erred in determining it did not have subject matter jurisdiction over this proceeding under Iowa Code chapter 598A, The Uniform Child Custody Jurisdiction Act (UCCJA). We reverse and remand.

The original decree of dissolution was entered on November 13, 1979, in the Iowa District Court for Polk County. Caryl was granted sole care, custody, and control of the minor child, Jason Lee McEvoy, and James was granted liberal rights of visitation to be conducted in a manner mutually agreeable to the parties. The decree did not provide for a specific visitation schedule. Thereafter, due to Caryl's impending move from Iowa, the parties entered into a stipulation modifying the decree. This stipulation provided generally for spring, summer and Christmas visitation. It also provided visitation rights for Jason's maternal grandparents, who reside in Iowa. The trial court affirmed their stipulation and modified the decree accordingly on September 16, 1982. Caryl moved to Maple Wood, Minnesota, in October 1982, and then to Roberts, Wisconsin, in the autumn of 1983, where she currently resides.

On May 19, 1986, James filed an application for declaratory judgment, specific performance, and modification of decree. He requested the court to declare his visitation rights under the September 16, 1982, modification and to order Caryl to comply with that declaration. He also requested the court to modify the decree so as to provide for joint legal custody, specific visitation rights and transportation arrangements for visitation, and a determination of which party may claim Jason as a tax dependent. Caryl filed a special appearance, asserting the court lacked subject matter jurisdiction under Iowa Code chapter 598A. The district court sustained the special appearance and this appeal followed.

The basic jurisdictional provision of chapter 598A is section 598A.3, which provides:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a custody determination by initial or modification decree if:

a. This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

b. It is in the best interest of the child that a court of this state assume jurisdiction because the child and the child's parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

c. The child is physically present in this state, and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mis-

treatment or abuse or is otherwise neglected or dependent; or

d. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph "a," "b," or "c," or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

2. Except under paragraphs "c" and "d" of subsection 1, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a custody determination.

3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.

James admits Wisconsin is now Jason's home state. James asserts, however, the "best interest" provisions of section 598A.3(1)(b) apply, allowing Iowa to retain its continuing jurisdiction. The district court disagreed, stating "the home state of the child should control in all but the most extreme and onerous situations." The court sustained Caryl's special appearance since such conditions were not present. We disagree with the district court's interpretation of section 598A.3.

■ We exercise de novo review of jurisdictional issues raised under chapter 598A. *St. Clair v. Faulkner*, 305 N.W.2d 441, 445 (Iowa 1981). The continuing subject matter jurisdiction enjoyed by the trial court to modify a dissolution decree is subject to the provisions of chapter 598A when the child custody provision is to be modified. Iowa Code § 598.21 (1985); *In re Marriage of Hubbard*, 315 N.W.2d 75, 77 (Iowa 1982). Chapter 598A provides for a jurisdictional bias in favor of the decretal state to retain the principle of continuing jurisdiction unless contact with the child has virtually ceased. *See In re Marriage of Hubbard*, 315 N.W.2d at 80 (discussing Iowa Code section 598A.14). Thus, continuing jurisdiction is not necessarily af-

fected where the child resides in another state in excess of six months. *In re Marriage of McFadden*, 380 N.W.2d 6, 7 (Iowa App.1985); *In re Marriage of Olive*, 340 N.W.2d 792, 795 (Iowa App.1983). Significant connection jurisdiction will continue in the decretal state where the court record and other evidence exists and where one parent continues to reside. *In re Marriage of Olive*, 340 N.W.2d at 795.

■ In the instant case, the court record is in Iowa, and James continues to reside here. Furthermore, virtually all the evidence relevant to James's application exists in Iowa. This includes evidence regarding his competence as a parent to have joint legal custody, evidence regarding his specific visitation rights and those of Jason's maternal grandparents, evidence regarding transportation arrangements for visitation, and evidence regarding the determination of which party may claim Jason as a tax dependent. We hold Iowa has significant connection jurisdiction, pursuant to Iowa Code section 598A.3(1)(b), for the purposes of James's application. We do not decide whether Iowa would retain this jurisdiction were James to request a modification in the physical care of Jason.

■ Concurrent jurisdiction is possible under the UCCJA, *In re Marriage of Hubbard*, 315 N.W.2d 75, 78 n. 4 (Iowa 1982), and exists in this case. We have found Iowa has jurisdiction under section 598A.3(1)(b) and it is undisputed Wisconsin would have jurisdiction as Jason's home state, pursuant to section 598A.3(1)(a). In instances of concurrent jurisdiction section 598A.7, regarding inconvenient forums, is to be used to determine which forum should exercise jurisdiction. *In re Marriage of Hubbard*, 315 N.W.2d at 78 n. 4.

Section 598A.7 states:

1. A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case,

and that a court of another state is a more appropriate forum.

2. A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

3. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

a. Whether another state is or recently was the child's home state.

b. Whether another state has a close connection with the child and the child's family or with the child, and one or more of the contestants.

c. Whether substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.

d. Whether the parties have agreed on another forum which is no less appropriate.

e. Whether the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 598A.1.

Although Wisconsin is Jason's home state, Iowa has a close connection with Jason, his family, and the contestants. His father, maternal grandparents, and other family all reside in Iowa. He frequently returns to Iowa to visit. All previous modifications of his custody have been rendered in Iowa. Additionally, in the limited context of James's application, substantial evidence concerning his future care exists in Iowa. This evidence primarily relates to the competence of James as a parent to have joint legal custody and a determination of James's specific visitation rights. All of the prospective witnesses before the district court, with the exception of Caryl, are from Iowa.

We conclude Iowa is not an inconvenient forum. The district court erred when it sustained Caryl's special appearance and dismissed James's application for declaratory judgment, specific performance, and modification of decree.

REVERSED AND REMANDED.