In re The MARRIAGE OF Angela
Kay HOCKER and Timothy
Edward Hocker

Upon the Petition of Angela Kay Hocker n/k/a Angela Kay Bristow, Petitioner–Appellee,

and

Concerning Timothy Edward Hocker, Respondent–Appellant.

No. 07–1524.

Court of Appeals of Iowa.

May 14, 2008.

448

Chad A. Kepros and Lori L. Klockau of Bray & Klockau, P.L.C., Iowa City, for appellant.

Peter J. Gardner of Meardon, Sueppel & Downer, P.L.C., Iowa City, for appellee.

Heard by SACKETT, C.J., and HUITINK and MAHAN, JJ.

MAHAN, J.

Timothy Hocker appeals following the district court's order declining to exercise jurisdiction over his modification petition, in favor of allowing modification to proceed in Illinois. Upon our consideration of the record and arguments of the parties, we affirm.

## I. Background Facts and Proceedings.

Angela Hocker, n/k/a Angela Bristow, and Timothy's marriage was dissolved by decree which incorporated their stipulation in March 2005. At the time, Timothy resided in Johnson County, Iowa, and Angela had moved to Illinois with the parties' two children, Andrew and Zoe. The incorporated stipulation provided that it was prepared according to Iowa law and is to be construed under Iowa law, although other provisions envisioned that Timothy intended to move to Illinois. The decree and stipulation granted joint legal custody as well as joint physical care of the children to Angela and Timothy. The parties operated under this decree and stipulation for some time before problems apparently arose.

Since August 2006, the children have spent about a week's worth of time per month in Timothy's care and the remaining three weeks with their mother in Illinois. Both children attend school, church, and extracurricular activities in Illinois as well as having medical and dental care in Illinois. Timothy never moved to Illinois, but did move to the Quad Cities area in Scott County, Iowa, just on the border with Illinois. Angela had also moved at least once since the dissolution, from Bloomington, Illinois, to Flanagan, Illinois. The distance between the parties' residences at the time of hearing was approximately 120 miles. Angela's current employment was as a cashier for Casey's General Store at a rate of $7.50 per hour. Angela asserts that Timothy received approximately $575,000 more in the dissolution property settlement than she received.

Angela filed an "Application to Enroll a Decree of Another State" in Illinois in February 2007, the first step in seeking modification in Illinois under an Iowa decree. Timothy filed a motion to dismiss in response, contending that Iowa retained jurisdiction as the decretal state. Illinois's Eleventh Judicial District granted the motion to dismiss based upon Iowa's continu-

ing, exclusive jurisdiction over custody, though also granting Angela leave to amend if Iowa declined jurisdiction and kept the file open for ninety days to this end. Timothy filed a modification action in mid-May 2007 in Johnson County, Iowa, requesting a change in physical care of the children. Angela made a limited appearance in June to challenge jurisdiction and requested the Iowa court to decline jurisdiction. Timothy resisted Angela's requests, and the parties made their arguments before the court in a contested hearing in July 2007. The Iowa district court found that, although Iowa retained continuing and exclusive jurisdiction as the decretal state over child custody matters under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA," codified at Iowa Code chapter 598B (2005)), Iowa is an inconvenient forum due to the nature of evidence and greater availability of proof in Illinois versus Iowa. The court dismissed Timothy's modification petition and granted a request from Angela for attorney fees of $1000. Timothy appeals.

### II. Scope and Standards of Review.

Although the primary question on appeal concerns jurisdiction, the underlying action involves child custody; therefore, equitable principles apply and our review is de novo. *In re Marriage of Cervetti*, 497 N.W.2d 897, 899 (Iowa 1993). The fundamental question of which state is best suited to resolve custody quickly, permanently, and on the merits, is decided by us anew. *Id.*

### III. Issues on Appeal.

#### A. Inconvenient Forum.

The Iowa district court in Johnson County, the county originating the dissolution decree, determined that although Iowa properly held continuing and exclusive jurisdiction over child custody matters

this state is an inconvenient forum relative to the evidence and forms of proof on custody available in Illinois. Neither Timothy nor Angela contest that Iowa retains continuing and exclusive jurisdiction over custody modifications in this case. Iowa cases reflect an undeniable bias favoring continuing jurisdiction of the decree state when modification is sought. *Cervetti*, 497 N.W.2d at 899; *In re Marriage of Leyda*, 398 N.W.2d 815, 819 (Iowa 1987); *In re Marriage of Hubbard*, 315 N.W.2d 75, 80 (Iowa 1982); *Pierce v. Pierce*, 287 N.W.2d 879, 883 (Iowa 1980); *In re Marriage of Ross*, 471 N.W.2d 889, 892 (Iowa Ct.App. 1991); *In re Marriage of McEvoy*, 414 N.W.2d 855, 857 (Iowa Ct.App.1987). This preference stems from a belief expressed by the UCCJA (precursor to the UCCJEA) drafters that greater stability in custody arrangements will be achieved, and forum shopping minimized, by faithful adherence to the preference. *Cervetti*, 497 N.W.2d at 899 (citing Uniform Child Custody Jurisdiction Act § 14 cmt., 9 U.L.A. 292 (1988)). The UCCJEA reinforces this preference by providing that a court of this state *shall not* modify the decree of another state unless the decree state no longer retains jurisdiction, or declines jurisdiction because another court would be a more convenient forum. Iowa Code § 598B.203 (2005); *Cervetti*, 497 N.W.2d at 900.

Provisions of Iowa Code chapter 598B do envision that, over time, a child's ties to the decree state may become too tenuous to justify continuing jurisdiction. *Cervetti*, 497 N.W.2d at 900 (citing UCCJA formerly found at chapter 598A); *see also* § 598B.207. The question is at what point the link is broken. The issue in this case is whether the Iowa district court, having proper continuing and exclusive jurisdiction, correctly declined its authority to decide this case in keeping with section

598B.207. That section provides that a court with jurisdiction may decline to act if another state is a more appropriate forum and this is an inconvenient one, taking into account the following factors:

a. Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.

b. The length of time the child has resided outside this state.

c. The distance between the court in this state and the court in the state that would assume jurisdiction.

d. The relative financial circumstances of the parties.

e. Any agreement of the parties as to which state should assume jurisdiction.

f. The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.

g. The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

h. The familiarity of the court of each state with the facts and issues in the pending litigation.

Iowa Code § 598B.207(2). The overarching purpose of the UCCJEA in chapter 598B is to:

[a]ssure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and the family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and the family have a closer connection with another state.

*Cervetti,* 497 N.W.2d at 901; *see also* Iowa Code § 598B.201.

After reviewing the record and arguments of the parties on appeal, we are convinced the district court correctly declined to exercise jurisdiction in favor of Illinois. The threshold question is always whether conditions since the dissolution decree was entered have so materially and substantially changed that the best interests of the children compel a change in custody. *Cervetti,* 497 N.W.2d at 901 (citing *In re Marriage of Hubbard,* 315 N.W.2d 75, 82 (Iowa 1982)). The object of the examination is not to re-litigate matters settled at the divorce but to decide whether circumstances have materially changed since that time, and the reviewing court must assess the current situation and project into the future. *Id.* Timothy reiterates more than once that "all of the evidence prior to March 2005 [decree] exists in Iowa." This focus mislays the considerations on modification, as to changes in conditions *since* the entry of the decree, and we do not consider relevant the location of evidence prior to March 2005. As the district court aptly noted:

The children have been enrolled in schools and day care in Illinois since the date of the decree [February 2005]. . . . There is no allegation of domestic violence in this case. The children have resided outside the state of Iowa with their mother for approximately two and a half years. The children do visit Timothy regularly, however, their schools, church, doctors, teachers, and other care providers are all present in the state of Illinois. . . . [D]ue to Timothy's residence in Scott County, his travel distance to the Illinois court would be approximately 120 miles [and Timothy] possesses substantial assets that will allow him to travel to the state of Illinois without undue hardship.

While there is no specific agreement between the parties that any modification would be heard by an Illinois court rather than an Iowa court, the contents

of the stipulation certainly contemplate that as a possibility. Specifically, paragraph 8(b) of the stipulation states "If, after Zoe has commenced kindergarten, the parties reside in the same school district, the parties agree to reconsider the physical care schedule as in the children's best interests." The trial court making the initial child custody determination contemplated the parties would be living not only in the same state, but also within the same neighborhood as the children's school.

While the children continue to have relationships with relatives in both states, the Court finds a majority of the evidence that exists to resolve the issues at the heart of a child custody dispute exist in the children's home state of Illinois. The children are being raised as Illinois residents. They have established school, care giver, and other relationships in their home state.

The Illinois court will be better able to decide the child custody issue expeditiously and economically. The teacher, care giver, medical provider, and other witnesses to the children's daily routine and care are available more readily in the Illinois rather than the Iowa court. In the event Iowa asserted jurisdiction, Angela would be placed in the position of securing and transporting or compensating for transportation of the pertinent witnesses in this case. [Angela] is less financially able to make those expenditures.

■ Although the Iowa court may be more familiar with the original court case in the decree, we agree with the Iowa district court's conclusions that at this time the bulk of the evidence pertinent to modification of child custody is in Illinois. The physical location of the children primarily in Illinois and the parties' disparate incomes militate strongly in Angela's favor, and defending a modification action in Iowa would be both unnecessarily disruptive to the children and financially burdensome for Angela. *See Cervetti,* 497 N.W.2d at 901. We affirm the Iowa district court's declination of jurisdiction in favor of Illinois as a more convenient forum under Iowa Code section 598B.207.

## B. Angela's Attorney Fees.

■ Timothy also asserts that the district court improperly awarded Angela trial attorney fees in the amount of $1000. An award of attorney fees is not a matter of right, but rests within the court's discretion. *In re Marriage of Kurtt,* 561 N.W.2d 385, 389 (Iowa Ct.App.1997). Due to their disparate earning capacities and in light of the respective financial stability of the parties, we cannot say the district court abused its discretion in awarding $1000 in trial attorney fees to Angela. We therefore affirm the award as ordered, and award $500 of appellate attorney fees requested by Angela. *Id.* Costs on appeal are assessed against Timothy.

**AFFIRMED.**