# IN THE COURT OF APPEALS OF IOWA

No. 17-1645
Filed April 18, 2018

**BAILEY C. ROBINSON n/k/a BAILEY C. GOODELL,**
 Plaintiff-Appellee,

**vs.**

**MICHAEL G. GROSS,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Harrison County, James S. Heckerman, Judge.

Michael Gross appeals the district court's order declining to exercise jurisdiction in the ongoing custodial dispute concerning his minor child. **AFFIRMED.**

Alexander M. Johnson and Thomas D. Story of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, P.L.C., Des Moines, for appellant.

Scott D. Strait, Council Bluffs, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Michael Gross appeals the district court's order declining to exercise jurisdiction in the ongoing custodial dispute concerning his minor child. Upon our de novo review, we affirm and award Bailey Goodell appellate attorney fees.

In 2014, Bailey Robinson (n/k/a Goodell) and Michael entered into a stipulated decree in Iowa concerning custody and other issues relating to their minor child after they participated in mediation. At that time, Bailey lived in Utah and Michael in Iowa. The parents agreed they would share legal custody of their child, and the child would be placed in Bailey's physical care, with Michael having extended visitation. The Iowa district court approved the stipulated decree.

In 2016, Bailey filed a "Request to Register Foreign Stipulated Decree of Custody, Visitation, Support and Tax Dependency Exemption" in Utah state court, which the Utah court later confirmed by order. Bailey then filed a petition to modify the stipulated decree with the Utah court. Michael filed an answer and a counter-petition seeking to have the Utah court award him sole physical custody of the child. Bailey filed a motion for temporary orders and for the appointment of a guardian ad litem. Michael later filed a motion to dismiss Bailey's modification petition for lack of jurisdiction pursuant to Utah Rules of Civil Procedure 12(b)(1) and 12(b)(6). Thereafter, the Utah court entered an order staying enforcement of the parties' Iowa decree pending further order.

On August 16, 2017, Utah Commissioner Catherine Conklin, Iowa District Court Judge Richard Davidson, and the parties' attorneys participated in a telephone conference. Both courts believed the Utah court was a more convenient forum for the case, noting Bailey and the parties' child had resided there for almost

three years. Ultimately, the Utah court directed Michael to file, in Iowa, a request for a hearing on the matter if he "disagree[d] Utah is a more convenient forum." The Utah court also suggested that Bailey file a motion in the Iowa court to transfer jurisdiction of the matter to Utah.

Bailey subsequently filed a motion in Iowa district court requesting the court, pursuant to Iowa Code section 598B.207 (2017), to decline jurisdiction in the matter and to specifically allow the Utah court to hear her petition for modification of the parties' decree. Michael filed an answer to Bailey's motion, requesting that her motion be dismissed for several reasons and noting that "[c]onvenience and or inconvenience seem to be relative depending on the parties' point of view." Following a hearing on the matter, the Iowa district court entered its order declining to exercise jurisdiction in the ongoing custodial dispute, and it directed "the parties to proceed with the action now pending in the State of Utah." The court explained:

> The State of Utah is the more convenient forum for resolving the issues of custody and visitation for the minor child. Utah is the home state of the minor child as defined by the [Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)] as well as the parent having primary physical care of the minor child. The child's therapist is in the State of Utah and the relevant evidence concerning the child's ongoing and daily care is contained in the State of Utah. Therefore, disputes concerning the custody, visitation and care of the minor child should be determined in the State of Utah. Given the above, the Utah court is better equipped to resolve the pending dispute effectively and expeditiously.

(Internal citation omitted.)

Michael now appeals the court's declination of jurisdiction in the parties' custody dispute.[1] He asserts that the Iowa court has exclusive and continuing jurisdiction under the UCCJEA, and he disputes that the Iowa court is an inconvenient forum. Our review is de novo. *See In re J.M.*, 832 N.W.2d 713, 719 (Iowa Ct. App. 2013).

The UCCJEA provides "the exclusive jurisdictional basis for making a child-custody determination." *Id.* at 719-20; *see also* Iowa Code section 598B.201(1). Here, the district court did not deny Iowa held continuing and exclusive jurisdiction over child custody matters, since the decree originated in Iowa. *See In re Marriage of Hocker*, 752 N.W.2d 447, 449 (Iowa Ct. App. 2008); *see also* Iowa Code § 598B.202(1). Nevertheless:

> A court of this state which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.

Iowa Code § 598B.207(1). Before the Iowa court determines ours is an inconvenient forum, section 598B.207(2) sets out factors the court must consider to determine "whether it is appropriate for a court of another state to exercise jurisdiction," including "[t]he length of time the child has resided outside this state" and "[t]he nature and location of the evidence required to resolve the pending litigation, including testimony of the child." *See id.* § 598B(207)(2)(b), (f).

---

[1] Bailey challenges Michael's appeal on error-preservation grounds, arguing the record is insufficient for appellate review. However, we find the record accurate and do not further address the argument.

Michael argues the district court put too much emphasis on the fact the child's home state is Utah, pointing out Michael and Michael's family all reside in Iowa, and the child returns to Iowa for visitation. Yet, the child's life is mostly set in Utah, including the child's therapist "and the relevant evidence concerning the child's ongoing and daily care." Bailey's life is also set in Utah. Ultimately, the district court considered the relevant factors in declining to exercise jurisdiction and determined Iowa was an inconvenient forum under the circumstances and Utah was a more appropriate forum. Upon our de novo review of the record, we find no reason to disturb the district court's determination. Accordingly, we affirm the district court's order declining to exercise jurisdiction in the parties' ongoing custodial dispute.

Both parties request appellate attorney fees. Ordinarily, such an award is a matter of discretion with our court. *See In re Marriage of Witherly*, 867 N.W.2d 856, 861 (Iowa Ct. App. 2015). However, Iowa Code section 598B.312(1) states:

> The court *shall* award the prevailing party . . . necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees, investigative fees, expenses for witnesses, travel expenses, and child care expenses during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

(Emphasis added.) In the construction of Iowa statutes, "[t]he word 'Shall' imposes a duty." *See* Iowa Code § 4.1(30)(a). Moreover, Michael has not established an award would be clearly inappropriate under the facts of the case. *See id.* § 598B.312(1). Consequently, as the prevailing party, Bailey is entitled to reasonable appellate attorney fees. *See id.*; *see also In re A.L.G.B.*, No. 16-1937,

2017 WL 2461785, at *3 (Iowa Ct. App. June 7, 2017). Accordingly, we award Bailey $3100 in appellate attorney fees.

**AFFIRMED.**